FREDERICK PEARL and LAWSON HOLLAND, appellants, *vs.* HIRAM B. WELLMAN and MARSHALL D. WELLMAN, appellees.

### *Appeal from Tazewell.*

Mere passiveness, or delay, in proceeding against a principal, will not discharge a surety.

In an action upon an appeal bond, the copy of a final order of the Supreme Court, showing that a judgment had been affirmed, on the day alleged in the declaration, between the same parties, and from the same county, is sufficient to justify the inference that the judgment appealed from was affirmed.

If the judgment read in evidence, and that referred to in the bond, agree in the total amount of the recovery, the omission to state in the bond how much of the judgment was in debt, and how much in damages, does not constitute a material variance.

In April, 1846, the Wellmans, appellees in this cause, recovered a judgment in the Circuit Court of Tazewell county, against F. Pearl, one of the appellants, from which judgment an appeal was allowed, and a bond entered into by Pearl, with Holland, the other appellant in the present cause, as his surety. At the December term, 1846, of the Supreme Court, the judgment of the Circuit Court was reversed. At the ensuing term of this Court, on motion of the Wellmans, a rehearing was granted, and, thereupon, the judgment of the Court below was affirmed. The present suit was brought against Pearl and Holland, the appellants, on the appeal bond, given on the appealing of the first suit; the non-payment of the judgment after affirmance being assigned as breach. Pearl and Holland pleaded jointly : first, *non est factum;* and, secondly, that the judgment had not been affirmed. On both of which pleas issues were taken. Besides these, Holland pleaded separately : first, that by the reversal of the cause appealed in this Court, and the adjournment of the Court, without an application for a rehearing, he was released ; and, secondly, that by the reversal of the cause, and the adjourn-

ment of the Court, without a motion for a rehearing, and consequent loss of indemnity by him, he was discharged.

The Court below sustained a demurrer to each of these separate pleas by Holland. By consent, the issues of fact were tried by the Court. The plaintiffs, without objection, read the appeal bond as evidence; which bond describes the judgment as being for the sum of $909 41 debt, and $7 50¾ costs.

To prove that the judgment in the cause first appealed from had been affirmed by the Supreme Court, the plaintiffs offered in evidence the final order of the Supreme Court, in a case between the same parties, and appealed from the same county; but no further identified, as being of the same judgment recited in the bond. To the introduction of which the defendants objected, unless the plaintiffs would state that they intended to follow it up with further proof of its identity. The plaintiffs refused so to state. The Court overruled objection, and received said final order as evidence; to which the defendants excepted. At this the plaintiffs closed. The defendants then offered to read in evidence, from the records of Tazewell Circuit Court, a judgment between the same parties, of the same date as that recited in the bond, for the sum of $851 54 debt, $57 87 damages, together with costs and charges, and thereupon closed. The Court, Davis, Judge, at September term, 1849, found the issues for the plaintiffs, and gave judgment in their favor. Pearl and Holland appeal, assigning for error the admitting in evidence the transcript of the final order of the Supreme Court, as sufficient evidence of the identity of the judgment; the finding of the second issue of fact for the plaintiffs below, and the sustaining the demurrers to the pleas of Holland.

LINCOLN & HERNDON, for appellants:

The reversal of the judgment and the laches of the appellees, in taking no further step at that term, operated to discharge Holland, the surety. People *vs.* Pearson, 3 Scam., 406; Baker *vs.* Briggs, 8 Pick., 121, 131; Harris *vs.* Brooks, 21 Pick., 195, 197; Carpenter *vs.* King, 9 Met., 511, 517; Warner *vs.* Helm, 1 Gilm., 220, 232; 2 Am. L. C., 175, 176; 1 Greenl. Ev., sec. 207, 212. More in this case than in the cases cited, because here the laches not only lulled, but actually disabled Holland to protect himself. The judgment affirmed was an indispensable part

45

of the evidence for plaintiffs below, to show it to be the same judgment recited in the bond. Lombard *vs.* Cheever, 3 Gilm., 469; 1 Greenl. Ev., sec. 82; Hoy *vs.* Couch, 5 How. Miss., 188, 193; Goddard *vs.* Long, 5 S. and M., 782, 790; 1 Sup. U. S. Dig., 337, sec. 699; Wilson *et al. vs.* Conine, 2 J. R., 280. There is a fatal variance between the judgment affirmed and the judgment recited in the bond. Morgan *vs.* Blackiston, 5 Har. & J., 61; Gildart *vs.* Howell, 1 How. Miss., 198; Blakey *vs.* Saunders, 9 Mo., 742; Brooks *vs.* Jacksonville, 1 Scam., 568; Curry *vs.* Hinman, 3 Gilm., 90; Wash *vs.* Foster, 3 Mo., 205.

STUART & EDWARDS, for appellees:

The demurrer to the third and fourth pleas was properly sustained. The pleas do not present a good defence to this action. The authorities are uniform in sustaining the position, that mere negligence on the part of the creditor will not discharge the surety from his liability. They further establish the doctrine, that in order to discharge the surety, the creditor must do something affirmatively, either by altering the contract with the surety, by some agreement, founded upon a valuable consideration, with the principal debtor; or by some act on his part which will amount to an actual or constructive fraud upon the rights of surety. The mere omission on the part of the creditor to prosecute his suit against the principal debtor; or, when suit is commenced, the omission of some act necessary to its vigorous prosecution, will not discharge a surety. Baker *vs.* Marshall, 16 Vermont R., 522; Suydam *vs.* Vance, 2 McLean's R., 99; Fletcher *vs.* Gamble, 3 Ala., 335; Newell & Price *vs.* Hunter *et al.*, 4 Howard's Miss. R., 685. The cases cited by Mr. Lincoln, viz: Baker *vs.* Briggs, 8 Pick, 121; Harris *vs.* Brooks, 21 Pick., 197; 9 Metcalf, 511; 2 American Leading Cases, 175. The cases referred to are not in conflict with the position we assume, that in order to discharge the liability of the surety, the creditor must do some affirmative act, which lulls the security, and would make it a fraud upon his rights to enforce the obligation against him. On the contrary, they sustain that view. See the 2d American Lead. Cases, 175, cited by him, where these cases are reviewed, and our view of them entirely supported. The ground upon which the sureties were released, in the case of Craig & Warner *vs.* Helm *et al.*, 1 Gilman, 221, was, in prin-

ciple, the same as that asserted by these cases. These authorities by no means sustain the position that the omission set up in these pleas is sufficient to discharge Holland. No Court has ever so decided, and, we may with some confidence assert, no respectable tribunal will ever so adjudge the law to be. The decision in the case of Pearl *vs.* Wellmans, 4 Gilman, 395, is conclusive upon the propriety of the rehearing, and of the reasonableness of the time in which the application was made. It cannot with truth be said that the judgment appealed from. was ever reversed, inasmuch as the record of the issues on which that judgment was founded was never before the Supreme Court, until the term at which the judgment was affirmed.

The second special plea is substantially defective. It is so uncertain that no issue could be made thereon. It does not show the extent of the alleged loss. This plea shows that Holland was indemnified : and a security who is indemnified by his principal is not discharged by time being given to the principal debtor, nor by other acts done by the creditor, increasing the risk of security. Moore *vs.* Paine, 12 Wend., 123 ; Chilton *vs.* Robbins, 4 Ala., 223 ; Bradford *vs.* Hubbard, 8 Pick., 155. Or, if discharged at all, it would only be to the extent of the loss of his indemnity occasioned by the act of the creditor.

There was no error in admitting the certified copy of the final order of the Supreme Court. It was pertinent to the issue, and was not secondary in its character as evidence in the case. Of itself it was evidence of the affirmance of the judgment, without the introduction of the antecedent proceedings. Locke *vs.* Winston, 10 Alabama, 850–1 ; Jones *vs.* Randall, Cowper, 17 ; Packard *vs.* Hill, 7 Cowen, 434 ; Rathbone *vs.* Rathbone, 10 Pick., 1 ; Garden *vs.* Col. Insurance Co. ; 7 J. R., 514. Nor was there any error in the judgment of the Court upon the facts. Admitting the record introduced by the defendant did show the judgment appealed from, and intended to be described in the bond, still the misrecital of the judgment in the bond is not of such a character as would prevent a recovery on that instrument. The clerk has stated the judgment to be for a sum which is the precise amount of the debt and damages, added together ; and this sum he denominates debt, using the term not in its technical sense, but as it is used in ordinary acceptation of the term,

denoting the actual amount of the indebtedness. See, on this point, Fulcord *vs.* Hamberlin, 4 S. and M., 650. This Court will not set aside the verdict of a jury, or the judgment of a Court, merely to allow to the defendant, on another trial, the benefit of a mere technicality, to defeat a judgment in other respects righteous and just.

Opinion by Mr. Justice TRUMBULL:

In April, 1846, the appellees recovered a judgment in the Court below against Pearl, from which an appeal was allowed to the Supreme Court, on the ordinary bond in such cases, with Holland as surety. The present suit was brought against Pearl and Holland, on the appeal bond, the non-payment of the judgment after affirmance being the breach assigned.

Pearl and Holland pleaded jointly: first, *non est factum;* and, secondly, that the judgment had not been affirmed: on both of which, issues were taken. Besides these, Holland pleaded separately: first, that he was a surety upon the bond declared on, that the judgment mentioned therein was reversed at the December term, 1846, of the Supreme Court, and that it was subsequently affirmed at the December term, 1847, of said Court, upon a rehearing, granted upon a motion which was not made, nor any notice thereof given, until said December term, 1847; secondly, Holland pleaded the same facts set forth in his first plea; and also, in addition, that certain securities had been placed in his hands, to indemnify him against loss in going security upon the bond; some of which securities had been lost by the negligence and delay of the appellees, in moving for a rehearing.

The Circuit Court sustained demurrers to each of these separate pleas. By consent, the issues of fact were tried by the Court. The plaintiffs, without objection, read the bond in evidence; which bond describes the judgment as being for the sum of "nine hundred and nine dollars and forty-one cents debt, and seven dollars and fifty and three-fourths cents costs." To prove that the judgment had been affirmed in the Supreme Court, the plaintiffs below offered in evidence the final order of the Supreme Court, in a case between the same parties, and appealed from the same county, but no further identified as being of the same judgment recited in the bond. To the introduction of which, the

defendants objected, unless the plaintiffs would state that they intended to follow it up with further proof of identity. The plaintiffs refused so to state. The Court overruled defendants' objection, received said final order in evidence, and the defendants excepted. At this the plaintiffs closed. The defendants then offered in evidence, from the records of Tazewell Circuit Court, a judgment between the same parties, of the same date as recited in the bond, for the sum of " eight hundred and fifty-one dollars and fifty-five cents, the debt in the declaration mentioned; and the further sum of fifty-seven dollars and eighty-six cents damages," and also costs and charges, and thereupon closed. The Court found the issues for the plaintiffs, and gave judgment in their favor.

The sustaining the demurrers, the admitting in evidence the said final order, without proof of identity, and the finding the second issue of fact for the plaintiffs, are relied on to reverse the judgment.

The Circuit Court committed no error in sustaining the demurrers to the separate pleas of Holland. The fact that a rehearing was allowed on a motion made at a subsequent term, is conclusive in this case; at least, that the motion was made in proper time. That question cannot now be inquired into. The appellees took all the steps necessary and appropriate to have their judgment affirmed. It was no part of the condition of the bond which Holland signed, that the judgment of the Supreme Court should be obtained at the earliest practicable moment. His obligation became absolute when the judgment was affirmed, and the circumstance that it was first reversed cannot alter the case. The reversal having been subsequently set aside, and a rehearing granted, the liability of Holland is the same as if no judgment of reversal had ever been entered. The appellees were neither parties nor privies to the transactions which induced Holland to sign the bond, and it would be strange, indeed, if their rights were to be prejudiced because he, without any act of theirs, had lost the securities which he had taken for his indemnity. Had they, by any affirmative act, induced Holland to part with his securities to his prejudice, the case might be different; but the rule is well settled, that mere passiveness or delay in proceeding against the principal will not discharge a surety. Hunt *vs.* Bridgham, 2 Pick., 581 ; Fulton *vs.* Matthews,

16 John., 433; Chitty on Cont., 421. Yet it often happens that the surety loses the means of indemnification by the delay of the creditor in proceeding against the principal. In the case of Baker *vs.* Marshall, 16 Vt., 523, the creditor dismissed an attachment against the principal, which had been levied upon property sufficient to have paid the debt, and the Court held the surety liable, though the principal subsequently became insolvent.

At the present term of this Court, in the case of The People, use of Markham *vs.* White, *ante,* 341, it has been decided, that a surety is not released by the delay of the creditor to enforce his claim, until the principal, by operation of law, is discharged; and in that case, although the principal was deceased, and his estate had been finally settled for more than a year, so that no claim could be presented against it, still his surety was held liable. There is a distinction between doing something which lulls the security to his prejudice, and omitting to do that which would have discharged him, or put it in his power to protect himself. The cases referred to by appellant's counsel all proceed upon the ground that the creditor had done some act by which the surety had lost or been induced to neglect the means which might have been used for his indemnity. Such was the case in 8 Pick., 122, where the creditor told the surety the debt was paid, and he was clear of it. The Court held that the surety was discharged, if he had lost an opportunity of securing himself in consequence of what the creditor had told him. With cases of this character we have no fault to find. A creditor, who by any act of his has induced the surety to believe that he was discharged, and thereby led him to part with his means of indemnity, ought to be estopped by such act from subsequently proceeding against the surety. But such is not this case. The most that can be said by Holland is, that the appellees did not take the earliest possible steps to have the judgment affirmed, and, as has already been shown, mere delay to proceed against a principal will not discharge a surety. If Holland is compelled to pay the judgment upon the bond, he may still resort to the securities placed in his hands as an indemnity, unless he has lost the right to do so by some act of his own.

The next question relates to the admission in evidence of the final order of the Supreme Court, for the purpose of showing

that the judgment mentioned in the declaration had been affirmed. It is insisted that this order, though evidence of the affirmance of some judgment, is not sufficient evidence of the affirmance of the particular judgment appealed from. The issue was, whether the judgment of the Tazewell Circuit Court, in the declaration mentioned, had been affirmed, in manner and form as therein alleged; and we think the copy of a final order of the Supreme Court, showing that a judgment had been affirmed on the day alleged, between the same parties, and from the same county, was of itself sufficient to justify the inference that the judgment affirmed was the same one described in the declaration. This precise question has been decided in the case of Lock *vs.* Winston, 10 Ala., 849, where it was held, that whenever the only matter to be ascertained is the existence of a judgment, the exemplification of the judgment is sufficient in itself without proof of the other proceedings in the cause. It is true, the Court, in their opinion, say nothing about the question of identity, but it was involved in the decision made as completely as it is in this. In an action upon a wager, whether a decree in chancery would be reversed, it was held (Cowper, 17,) that the decree of reversal was proper evidence, without proof of the other proceedings. But, admitting that the final order of the Supreme Court was *prima facie* evidence of the affirmance of the judgment mentioned in the declaration, it is next insisted, that the defendants overcame this *prima facie* proof, by introducing in evidence the record of a judgment in the Tazewell Circuit Court, between the same parties, and of the same date as that mentioned in the bond, but varying from it as defendants insist. The only variance between the judgment referred to in the bond, and the one read in evidence by the defendants, consists in this, that the bond refers to a judgment for $909 41 debt, and $7 50¾ costs, whereas the judgment read in evidence was for the sum of $851 55, the debt in the declaration mentioned, and the further sum of $57 86 damages; and likewise the costs and charges by them about their suit expended. The total amount of the debt and damages, is the precise sum mentioned in the bond, as the amount of the recovery under the general name of debt. The word debt, as there used, is not to be understood in the technical sense which it has when applied to the form of an action, but in its more general and usual sense, as indi-

cating the total amount which the plaintiffs had recovered against Pearl. As the judgment read in evidence, and that referred to in the bond, agree in the total amount of the recovery, the omission to state in the bond how much of the judgment was in debt and how much in damages, does not constitute a variance between them.

The other point of variance insisted upon is, that the judgment is for costs generally, without specifying the amount, while the bond refers to a judgment for $7 50¾ costs. In the case of Bryan *vs.* White, 2 Scam., 47, it was held, that a variance in the amount of costs, as stated in an original, and an *alias* writ of *fieri facias*, occasioned by including in the second writ the costs attendant on the first, was not material, and the Court, in commenting upon the manner of entering judgments in this state, say : "In the first place, the clerk enters the judgment on his record, and costs are awarded without any specification of the amount. He subsequently makes up his costs without any taxation by the Court, and inserts them in the writ of *fieri facias.*" The practice was admitted to be loose and somewhat irregular, yet the Court gave it their sanction.

It is difficult to conceive why an appeal bond, which refers to the judgment as being for a specific amount of costs, should be considered as materially varying from a judgment for costs generally, when an execution issued upon the same judgment, for a specific amount of costs, would not be obnoxious to the same objection. It would be going too far to require a stricter conformity between the judgment appealed from and that referred to in the appeal bond, than is required between a judgment and the execution issued upon it.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*