Mr. Justice WAYNE
 

 delivered the opinion of the court.
 

 In this case, Roberts, who is the plaintiff in error, on the allowance of the writ of error, gave security in the. sum of one thousand dollars, conditioned that he .would prosecute his writ to effect, and answer all damages and costs if he failed to make his plea good. Cooper now declares that the bond for one thousand dollars is not sufficient to answer, .all the damages and costs, if Roberts should fail to prosecute his writ to effect, and refers to an affidavit filed by him as the basis of this motion to show that fact.
 

 Mr. Yinton, counsel of Cooper, now moves the court for an order requiring Roberts to give additional security in the sum
 
 *374
 
 of twenty-five thousand dollars, or such other sum as the court may deem to he sufficient to cover all damages which Cooper may suffer, if the writ of error should not he prosecuted with effect.
 

 The case between the parties is for the recovery of land in ejectment. Cooper represents that he holds the legal title to the land in controversy in trust for the National Mining Company, incorporated by the Legislature of the State of Michigan, to carry on the business of'mining for -copper, and that he is the secretary and treasurer of the company; that he instituted this suit to recover the possession of this land for them, that they might have the use and occupation of it for their chartered purposes. It is also stated by the affiant that a decision had been given by the Supreme Court of the United States at its last term, on a writ of error to the Circuit Court for the district of Michigan, between the same parties in controversy, for the same land, establishing, on the merits of the case, the title of the affiant to the land, and that the mining-company, in consequence of it, had prepared to prosecute its mining business to the extent of their ability upon the land, which is known to contain a very valuable deposit of copper ore, which could be worked with great profit; and that the company was prevented from working the deposit, in consequence of the pending writ of error, which Roberts sued out. upon? a judgment which had been rendered in this case against him, and in favor of the legal .title of the affiant,
 
 in the Circuit Court of the United States for the district of
 
 Michigan,
 
 at its last term.
 
 And the affiant also states that the damages which the company will sustain by the delay caused by the writ of error will amount to at least the sum of twenty-five thousand dollars,, and to a larger amount, if Roberts shall not prosecute his writ of error to effect.
 

 "We have not been able to find a precedent for this motion. The counsel making it did not cite" one, but relied upon that part of . the twenty-sqcond, twenty-third, and twenty-fourth sections of the judiciary' act of 1789, the first of which declares that every justice or judge signing a citation on any writ of error shall take good and sufficient, security that,the plaintiff in error shall prosecute his - writ to effect, and answer all damages, and costs if he fail to make his plea good, which,, cbnsidered in connection with- the twenty-third and twenty-fourth seetionSj he thought, empowered this court to grant the. motion. In our interpretation,, and the proper application of those sections, regard must be. had to the nature of the action upon which a writ óf error' has been brought, and to the damages to which a plaintiff who has had a verdict and judgr
 
 *375
 
 ment may Be entitled. If it be for a money demand, on which a sum certain has been given by a judgment,' it is the duly , of the judge, who signs the citation on a writ of error, to take care that good and sufficient security is given. Should it be neglected, and it shall be brought to the notice of this court, when such a case is before it upon a writ of error, upon a motion to enlarge the security, this court would take care that the party claiming its intervention should have the full benefit of the security intended by the law, on a case when the writ of error was a supersedeas.
 

 But when a verdict and judgment upon it has been had in ejectment, . on which nominal damages. are only awarded, (except in cases between landlord and tenant, and that in England, in virtue of the statute of 1 George IV, chap. 87, see. 2,) and a writ of error has been'sued out by the defendant, and security given, as has been done in this case, this court cannot interfere to enlarge the security, to cover damages which' a plaintiff may recover in an action for mesne profits, or for any other losses which he may allege he will sustain by being kept out of the possession of his land by any delay there may be in prosecuting the writ of error. Besides, this court cannot award damages in any case brought to it by writ of error, or require an enlargement of a bond given upon a writ of error, except as it is.authorized to do in the twenty-third and twenty-fourth sections of the judiciary act of 1789, neither of which comprehend eases of apprehended'losses, except when they are a part of the original suit, and then only “when, its reversal is in favor of the plaintiff, or petitioner in the original suit, and the damages to be assessed or the matter to be decreed are uncertain;
 
 in which case,
 
 the cause is remanded for a final decision.”
 

 We must deny this motion. It is not provided for by any legislation of Congress. And the utmost extent for which the enlargement of security upon nominal damages in ejectment has been found necessary in England, is given by the statute 16 Charles II, sec. 8; and that is, where .a defendant there brings error, he. may be bound to the plaintiff in such reasonable sum as the court shall think proper, which sum has been settled at double the amount of one year’s rent. (4 Burrows, 2,502.) The courts in England will also oblige a defendant in ejectment, who brings error, to enter into a rule or undertaking not to commit waste or destruction pending the writ. (3 Burrows, 1,823; Palmer’s Practice in the House of Lords, 159.)
 

 The. motion to enlarge the security in this case is overruled.