[No. 6,423.]

## CRANE ET AL. *v.* WEYMOUTH ET AL.

APPEAL—UNDERTAKING.—Where a judgment is reversed by the State Supreme Court, but afterward finally affirmed, in pursuance of judgment of reversal of the United States Supreme Court, the sureties on the undertaking on appeal are liable.

ID.—ID.—MESNE PROFITS.—An action upon an undertaking on appeal given, in such a case, for the value of the use and occupation of the land, is not an action of *trespass for mesne profits*, but is an action upon a *contract* against the original obligors, upon which, by its terms, the liability of the defendants has accrued; and the action may therefore be brought, before the plaintiff regains the possession of the land.

APPEAL from a judgment for the plaintiffs in the Third District Court, County of Alameda. McKEE, J.

The facts are stated in the opinion.

*Moore, Laine & Leib*, for Appellants.

The sureties in this case undertook to pay, upon the sole condition that the State Supreme Court affirmed the judgment of the District Court upon that appeal. (Code Civ. Proc. §§ 941, 942, 945.) The judgment was reversed by the State Supreme Court on that appeal, and no rehearing was granted, but the remittitur issued; and thereupon, the liability of the sureties at once and forever ceased.

The appeal began and ended under the laws of the State of California, and the Code regulating the practice in her courts. These do not extend to the Federal Courts, but have to do solely with her own tribunals. This is no longer an open question. (*Majors* v. *Cowell*, 51 Cal. 482.) The writ of error sued out by the plaintiff was a new proceeding, begun and con-

ducted under another system of laws. (Desty's Fed. Proc. §§ 997, 999, 1,000.) The writ of error was in no sense a continuation of the appeal. (*Taylor* v. *Boyd*, 3 Ohio, 354; *Fenno* v. *Dickenson*, 4 Den. 85; *Ripley* v. *Morris*, 2 Gilman, 382; *Hickman* v. *Haines*, 5 Id. 20; *Roberts* v. *Fohs*, 32 Ill. 474; 2 Tidd's Prac. 1141.) The New York cases cited against us are not cases of writ of error from one jurisdiction to another, but mere appeals from one State court to another court of the same State.

When the remittitur issued from the State Supreme Court, that Court lost at once and forever all jurisdiction of that appeal. (*Legg* v. *Overbaugh*, 4 Wend. 189; *Blanc* v. *Bowman*, 22 Cal. 23; *Rowland* v. *Kreinhagen*, 24 Id. 52; *Hanson* v. *McCue*, 43 Id. 178). No law, State or Federal, provides any way for reinvesting the State Supreme Court with jurisdiction, nor is there any law giving that Court power or jurisdiction to carry into execution the decisions and judgments of the United States Supreme Court. But had there been such an act of Congress, the State courts are in no sense inferior courts of the United States, and Congress has no power to pass laws conferring jurisdiction on them. (1 R. C. 399, 400; 17 Johns. 4; Story on Cons. § 1752.) It is not questioned but that the decision and judgment of the United States Supreme Court is binding, and determines the rights of the parties to the writ of error; but we insist that the judgment of that Court acts upon the case and the parties, and not upon the State Supreme Court. (*Martin* v. *Hunter's Exrs.* 1 Wheat. 362, 366; *Tyler* v. *Maguire*, 17 Wall. 293; Desty's Fed. Proc. § 709.)

This was largely an action for mesne profits, and should not have been brought until plaintiff regained possession.

*II. F. Crane*, for Respondent.

The judgment was finally affirmed by the Supreme Court of the State; and this judgment is conclusive as to the liability of the defendants. (*Curtis* v. *Richards*, 9 Cal. 38, 285; *Murdock* v. *Brooks*, 38 Id. 604; *Hathaway* v. *Davis*, 33 Id. 169.) The defendants are in effect attempting a collateral attack on that judgment; which they can do no more than their principal.

( *Carpentier* v. *Oakland*, 30 Cal. 44; *Bastic* v. *Love*, 16 Id. 72.)
There is no condition in their contract that limits their liability
respecting the affirmance of the judgment to any special appeal;
but the condition may, and properly does, relate to the final dis-
position of said judgment in the Court of last resort.   Their
contract was made with a knowledge that the decision of this
Court was not necessarily final.   Either party had the right of
appeal to the Supreme Court of the United States.   (*Robinson*
v. *Plimpton*, 25 N. Y. 484; *Doolittle* v. *Denery*, 31 Id. 350;
*Hinckley* v. *Kreitz*, 58 Id. 586.)   The appeal to the Supreme
Court of the United States is not a new or independent proceed-
ing.   It is in substance a continuation of the same appeal.
( *Cohens* v. *Virginia*, 6 Wheat. 410.)   The former judgment
of this Court, and its remittitur, became of no legal effect upon
the reversal of the judgment by the United States Supreme
Court.   This is in no sense an action for mesne profits.

Department No. 1, McKINSTRY, J.:

Defendants were sureties upon an undertaking on appeal in
an action of *ejectment*, wherein one Huff was plaintiff and C.
W. Doyle defendant, and the present action was brought by
plaintiffs upon the *undertaking* to recover the costs and dam-
ages, and for the value of the use and occupation by the
defendant in ejectment pending the appeal.

This Court reversed the judgment in ejectment of the District
Court, and directed that Court to render judgment in favor of
Doyle for his costs, etc.   In obedience to the remittitur of the
Supreme Court, the District Court entered judgment in favor of
Doyle for his costs.   Subsequently Huff " caused a *writ of error*
to be issued out of the Supreme Court of the United States,
whereby said cause was removed from the Supreme Court of
the State of California to said Federal Court for review, and
such proceedings were had and taken in said cause in the Su-
preme Court of the United States, that on the 15th day of
January, 1877, said last-named Court made and caused its judg-
ment to be entered therein, whereby the judgment and order of
the Supreme Court of California, made in said cause on the 6th
day of April, 1875, aforesaid, was reversed, and said cause was

remanded to the said last-named Court, with directions to affirm the judgment of the District Court of the 21st of January, 1874, aforesaid." (Finding 4.)

The mandate of the Supreme Court of the United States ran to the Supreme Court of the State, and in accordance therewith the latter " caused to be entered its order and judgment, whereby it was ordered and adjudged that the order and judgment of said Court, made on the 6th day of April, 1875, be vacated and set aside, and that the District Court do vacate and set aside its judgment of the 4th of August, 1875, in favor of said Doyle for costs; and it was further ordered and adjudged that the judgment of the District Court made and entered in said action on the 21st of January, 1874, be in all things affirmed." (Finding 5.)

This proceeding accorded with the law of the United States. " A final judgment or decree in any suit in the highest Court of a State, in which a decision in that suit could be had      *      *      * may be re-examined and reversed or affirmed in the Supreme Court upon writ of error.      *      *      *      The Supreme Court may reverse, modify, or affirm the judgment or decree of such State Court, and may at their discretion award execution, *or remand the same to the Court from which it was removed by the writ.*" (Desty's Fed. Proc. p. 102, § 709.)

It is said by counsel for appellant that the " judgment of the Supreme Court of the United States acts upon the case and parties, and not upon the State Court—that the process should issue directly from the United States Supreme Court to the Marshal, and not from the State Court. " As we have seen, however, the Court may " at their discretion, award execution, *or remand,*" etc.· The judgment of the Supreme Court of the United States reversed the judgment of the Supreme Court of the State, and remanded the cause, " with directions to *affirm the judgment* of the District Court." To give effect to the suggestion of appellant, we should be obliged to hold either that the judgment of the Supreme Court directing a judgment by this Court, or the order of this Court setting aside its former judgment and entering a judgment in accordance with the mandate

of the United States Supreme Court, *was void.* We are quite certain that neither is subject to collateral attack.

The contract of defendants was, that if the judgment of the District Court should be affirmed by the Supreme Court of the State, they would pay, etc. The judgment was affirmed, and their liability accrued. The legislation of the State is to be construed in view of the possibility that a judgment of this Court, reversing a judgment of the District Court, might in turn be reversed, and that no final judgment of this Court could in such case be entered until the cause had been disposed of in the Supreme Court of the United States. Assuming that the last judgment of this Court is not absolutely *void,* it is a judgment, and the only one affirming the judgment of the District Court.

The present is not an action of *trespass for mesne profits,* but on action brought against the original obligors upon a *contract,* an which, by its terms, the liability of defendants has accrued. The point that the action was prematurely brought because commenced before the plaintiffs in ejectment had regained possession—and therefore before *they* could have maintained a suit for mesne profits—was therefore not well taken.

Judgment affirmed.

Ross, J., and McKee, J., concurred.