# D. P. TARPEY, RESPONDENT, *v.* JOHN SHARP AND OTHERS, EXECUTORS, APPELLANTS.[1]

1. EJECTMENT.—SUPERSEDEAS BOND.—RENTS AND PROFITS PENDING APPEAL OR ERROR.—Plaintiff brought an action in ejectment against a salt company to recover possession of certain premises, and a judgment in his favor was affirmed in the territorial Supreme Court, thereupon the case was taken to the Supreme Court of the United States by a writ of error, and the judgment of the Supreme Court of Utah was affirmed. Upon suing out the writ of error, the defendant gave a *supersedeas* bond, which provides "that the plaintiff in error * * * shall prosecute his writ or appeal to effect, and if he fail to make his plea good shall answer all damages and costs, where the writ is a *supersedeas* and stays execution." In an action upon the bond, *held, first,*—that since, in ejectment the mesne profits are recoverable, the *supersedeas* bond on error covers rents and profits pending the proceedings in error. *Second*—that plaintiff's recovery must be limited to compensation merely for his actual loss by reason of being deprived of the premises to be adjusted as upon contract and not as upon tort.

2. REVIEW ON APPEAL.—SUFFICIENCY OF EVIDENCE TO SUSTAIN VERDICT.—The findings by the jury, as to the value of the rents and profits of land used for the purpose of manufacturing salt, based on the evidence of one party, will not be disturbed on appeal.

(No. 582. Decided Dec. 21, 1895. 43 P. R. 104.)

APPEAL from the District Court of the Fourth Judicial District. Hon. Harvey W. Smith, *Judge.*

Action by D. P. Tarpey against John Sharp, James Sharp, and William G. Sharp, executors of the last will and testament of John Sharp, deceased, on a *supersedeas*

---

[1] Rehearing denied January 20, 1896.

bond to recover the value of the rents and profits of certain premises pending error in the Supreme Court of the United States. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*Messrs. Williams, Van Cott & Sutherland,* for appellant.

In this case, however, while the action is to recover for the use and occupation of the premises or the value of the rents, the action is in form upon contract, being brought by the plaintiff upon the *supersedeas* bond against the executors of one of the sureties thereon. This bond was given in pursuance of section 1000 of the Revised Statutes of the United States, is purely statutory and the condition thereof does not make the sureties thereon of the defendants in this case liable for the value of the rent or use and occupation of the premises. *Roberts* v. *Cooper,* 19 How. 373; *Kountz* v. *Omaha Hotel Co.,* 107 U. S. 378. We submit that these adjudications are conclusive in this case and determine that the verdict and judgment herein are against the law.

The measure of plaintiff's damages in this case in any event, however, is compensation merely for his actual loss by reason of being deprived of the premises during the specified period. 3 Sutherland on Dam. (2 ed.) §§ 994–5–6; Sedge. on Dam. (8 ed.) §§ 907–8–9; *Holmes* v. *Davis,* 19 N. Y. 488. This was an action for mesne profits after recovery in ejectment, and the court held that the measure of damages was that which would obtain in *assumpsit* for use and occupation; that the compensation was to be adjusted as upon contract and not upon the footing of tort. *Morrison* v. *Robinson,* 31 Pa. St. 456; *Carman* v. *Beam,* 88 Pa. St. 319; *Kille* v. *Eagle,* 82 Pa. St. 102. In the latter case the court declared the rule of damages was a fair rent or yearly value of the premises,

and that compensation was the true measure of damages recoverable in such action. *Grimes* v. *Wilson*, 4 Blackford, 331; *Griffey* v. *Kennard*, 24 Neb. 174. This was an action for mesne profits after recovery in ejectment for uncultivated and unimproved lands, and the court in that case held that no damages could be recovered. In *Darwell* v. *Stevens*, 12 Fed. Rep. 559, the district judge declares the damages in such case consists of the value of the property by way of rents during the time the possession was withheld. In the case of *New Orleans* v. *Gaines*, 15 Wall. 624, the court lays down the principles upon which damages are to be arrived at, and determined that the true rule is compensation for the loss shown to have been sustained by being kept out of the possession of the property. *West* v. *Hughes*, 2 Am. Dec. p. 539; [S. C.] 1 Harris & Johnson (Md.), 574.

*Messrs. Evans & Rogers*, for respondent.

The rule seems to be well settled that where the evidence is conflicting this court will not disturb the verdict, unless it is so manifestly against the preponderance thereof that the court will not hesitate to declare that the evidence is clearly insufficient to support it, or that the jury have acted from passion or prejudice. *Walker* v. *Popper*, 2 Utah, 281; *Dewey* v. *Snyder*, 2 Utah, 344; *Harrington* v. *Chambers*, 3 Utah, 94; *Chamberlain* v. *Raymond*, 3 Utah, 117; *Lehi Irri. Co.* v. *Moyle*, 4 Utah, 327; *Brooks* v. *Warren*, 5 Utah, 118; *People* v. *Swasey*, 6 Utah, 93; *U. S.* v. *Brown*, 6 Utah, 115; *Farr* v. *Griffith*, 9 Utah, 416.

Appellants seem to urge in their brief that the verdict and judgment are against law.

The condition of the *supersedeas* bond was that, "if the said Deseret Salt Company shall prosecute its said writ of error and answer all damages, etc."

The Supreme Court of the United States, in construing this condition in a similar *supersedeas* bond, say that one ground of recovery upon the bond could be "the use and detention of the property pending the appeal, that is, the rents and profits." *Kountz* v. *Omaha Hotel Co.*, 107 U. S. 378.

. Under the rule of the common law in the form of action known as ejectment, the nominal plaintiff could only recover possession of the premises with nominal damages only, and then the plaintiff had the right to bring his action for the mesne profits. 3 Suth. Dam. § 992; Newell on Eject. 614; 1 Bouvier's Dict. 581. Our statutes and practice follow the reform procedure, having abolished the common law rule, and in an action of ejectment, the plaintiff is now permitted to recover damages for withholding of the property and for rents and profits of the same. 2 Com. Laws 1888, § 3220. This action is not an action to recover mesne profits, but is an action upon a contract, the contract being the *supersedeas* itself. *Crane* v. *Weymouth*, 54 Cal. 476. The court will perceive from an examination of the record that no exception was taken by appellants during the trial of the case. The court charged the jury squarely, clearly and unequivocally that respondent's measure of damages was the value of the premises during the period covered by the bond. No exception was taken to the charge of the court, and consesequently, the charge of the court became the law of this case. Such an assignment of error as the "insufficiency of the evidence to justify the verdict and judgment, and that the same are against law" will not be noticed under our practice. Hayne on New Trial & Appeal, § 99; *Martin* v. *Matfield*, 49 Cal. 42. This . court has not the right, under this assignment, to inquire whether the verdict is correct as a legal.proposition or not. The only

question to be determined is whether the verdict is in harmony with the instructions laid down by the court. If no instruction of the court was disregarded or misapprehended by the jury, then the verdict is not against law, and this is the extent of the court's inquiry. Hayne on New Trial & Appeal, § 99; *Emerson* v. *County,* 40 Cal. 545; 3 Deering's Code, § 657, note p. 290; *Brumagin* v. *Bradshaw,* 39 Cal. 35.

KING, J.:

In 1885, plaintiff brought an action in ejectment against the Deseret Salt Company to recover possession of certain lands near the north end of Salt Lake. From verdict and judgment in his favor the defendant company appealed to the supreme court of the territory, where an affirmance of the judgment of the lower court was had. 5 Utah, 494, 17 Pac. 631. Thereupon, by writ of error, the case was taken to the Supreme Court of the United States, and the judgment of the supreme court of Utah affirmed. 142 U. S. 241, 35 L. Ed. 999, 12 Sup. Ct. 158. Upon suing out the writ of error, a *supersedeas* bond was given, in pursuance of section 1000 of the Revised Statutes of the United States, which provides that "every justice or judge signing a writ of error, shall * * * take good and sufficient security that the plaintiff in error or appellant shall prosecute his writ or appeal to effect, and if he fail to make his plea good shall answer all damages and costs, where the writ is a *supersedeas* and stays execution." By the appeal and *supersedeas* the plaintiff was kept out of possession of the premises from March, 1888, until July, 1892, and this action is brought to recover damages for the use and occupation of said premises during said period. The jury awarded plaintiff damages and interest, amounting to $2,372, against the defendants herein, executors of one of the sureties, now deceased, on said bond.

Appellants contend that under the bond upon which action is brought no recovery can be had for damages resulting from the detention of the premises, or at least that plaintiff was entitled to recover only nominal damages. It is said by their counsel that the bond is statutory, and its conditions are such that no liability attaches to the sureties for the "value of the rent, use, or occupation of the" property. In support of this position the cases of *Roberts* v. *Cooper*, 19 How. 373, and *Kountze* v. *Hotel Co.*, 107 U. S. 378, 2. Sup. Ct. 911, are cited.

An examination of the first case referred to reveals the fact that the plaintiff recovered the premises in controversy in ejectment proceedings, with only nominal damages. A writ of error was brought, and the defendant required to give bond in the sum of $1,000. Subsequently application was made to the Supreme Court of the United States for an order requiring additional security for the damages which would be occasioned by the delay and the working of the mine by appellant pending the determination of the cause by the supreme court. The application was denied, the court holding that, where nominal damages only are received in ejectment, the court cannot interfere to enlarge the security to recover damages which a plaintiff may obtain in an action for mesne profits or other losses he may sustain by being kept out of possession. It is apparent this case does not control the case at bar, and is clearly distinguishable from it. In the first place, the only point decided was that, the lower court having fixed the amount of security, there was no legislative provision authorizing the supreme court to increase such security. It is further to be observed that this decision was made in 1856, and under the common-law form of ejectment. In such action the proceedings were fictitious, and the plaintiff a nominal party. The damages were also nominal, in order to carry costs, there being no

provision by which the jury were authorized to inquire into actual damages sustained by the plaintiff for the wrongful withholding of the possession of the premises. Such damages were recoverable in an action for "mesne profits," which was consequential to the recovery in ejectment. 3 Suth. Dam. § 992, and cases cited. Even if the court in *Roberts* v. *Cooper, supra,* had decided that damages for the detention of the premises could not be recovered upon the *supersedeas* bond therein given, it is clear that the reason for the same could only rest upon the ground that the form of action there employed precluded the recovery of any but nominal damages; and that for mesne profits resort must be had to that action.

It is to be noted in passing, that our Code has abolished the common-law action of ejectment, and provided that in ejectment proceedings plaintiff may recover damages for withholding the property, and also rents and profits accruing therefrom. 2 Comp. Laws 1888, § 3220. In 1867 the Supreme Court of the United States adopted rule 32 in relation to *supersedeas* bonds. 6 Wall. p. 5. By this rule it was provided that: "* * * When the property in controversy necessarily follows the event of the suit, as in real actions, * * * indemnity in all such cases is only required in an amount sufficient to secure the sum recovered for the use and detention of the property, and the costs of the suit, and 'just damages for delay' and costs and interest on the appeal." In the case of *Jerome* v. *McCarter,* 21 Wall. 17, an appeal was taken from a decree of foreclosure, and motion was made in the supreme court for additional security. *Roberts* v. *Cooper, supra,* was cited in support of the sufficiency of the bond, and to show that nothing could be recovered for the use and detention of the property. After considering rule 32, and other questions, the court say: "This is a suit on a mortgage, and therefore, under this rule, a case in which

the judge who signs the citation is called upon to determine what amount of security will be sufficient to secure the amount to be recovered for the use and detention of the property and the costs of suit, and just damages for the delay, and costs and interest on the appeal."

We do not think the second case relied upon by appellants—*Kountze* v. *Hotel Co.*, *supra*—has any application to the case under discussion. In that case foreclosure suit was brought and a decree rendered ordering the mortgaged premises sold. Defendants appealed, and to obtain *supersedeas* of execution gave an appeal bond. Decree was affirmed, the premises sold, and deficiency judgment entered. After return of execution *nulla bona*, suit was brought on the appeal bond, to recover the entire penalty of the bond, and interest; and, while it was decided that no recovery could be had on the bond for the rents or profits, or use and detention of the property, pending the appeal, yet the court held that there was a difference between a suit in ejectment and for foreclosure of a mortgage, and say: "In ejectment, the property of the land is in question, and, if the plaintiff has the right, he is entitled to immediate possession, and to the perception of the rents and profits which belong to him, and for which the defendant in possession is accountable to him. * * * But in the case of a mortgage the land is in the nature of a pledge; and it is only the land itself, the specific thing, which is pledged. The rents and profits are not pledged. They belong to the tenant in possession, whether the mortgagor or a third person claiming under him." The case of *Roberts* v. *Cooper* was before the court, and the only thing said to sustain appellants in this case was: "That even in ejectment it has at least been questioned by this court whether the bond in error covers rents and profits accruing pending the suit."

In the case of *Refining Co.* v. *Wyman*, 22 Fed. Rep.

184, suit was brought on *supersedeas* bond given by defendant in an ejectment case, to carry the cause to the Supreme Court of the United States; and Justice Brewer emphatically declared that upon judgment the plaintiff was entitled to the premises, and, the *supersedeas* having been given, by which he was further deprived of their possession, and thereby lost the rents and profits, he was entitled to recover. Referring to the case of *Kountze* v. *Hotel Co.*, he says: "While, I say, there is an intimation in that. opinion that the same rule might apply in an ejectment case, it is not so decided. A distinction is drawn between ejectment and foreclosure cases, so that, notwithstanding that intimation, I think that I ought to follow what seems to be to my mind the clear and unanswerable logic, and that is to hold that a *supersedeas* bond in an ejectment case covers rents and profits accruing pending the proceedings in error." In the case at bar, the bond provided that the sureties would "answer all damages and costs in full," if it failed to make its plea good. The bond is in the nature of a contract (*Crane* v. *Weymouth,* 54 Cal. 476), and we think plaintiff can recover thereon if he has sustained any damages, by the action of the defendant in the original suit, in having the premises withheld from his possession.

That brings us to appellant's second contention, viz., that the evidence was insufficient to justify the verdict, and that the damages were excessive. We fully concur with defendants' counsel that under the issues and facts of the case plaintiff's recovery must be limited to compensation merely for his actual loss by reason of being deprived of the premises, and such compensation must be adjusted as upon contract, and not upon the footing of tort. The court below· charged the jury that the plaintiff was entitled to . nominal damages in any event, and, if they found by a preponderance of the evidence that the prem-

ises were worth any substantial amount, then the plaintiff was entitled to recover the value of the use of such premises for the period of their detention. No exceptions were taken to the charge of the court, and we think the law was fairly stated to the jury. Witnesses for plaintiff testified that the premises withheld from his possession were used by the salt company, and salt was manufactured and sold by it; that, if plaintiff had had possession, he would have sold the product manufactured, and which would have amounted to 4,000 tons per annum; that the cost of its production was 70 cents per ton, and the market price during this period was $5 a ton sacked, and $3 unsacked. The testimony offered by the defendants was clear and unequivocal, and showed that, not only was there but little salt manufactured, but that there was no market except for a limited supply; also that the expenses of producing the quantity sold exceeded the sum received therefor.

While the evidence offered by plaintiff is not very satisfactory, we are of opinion that there was testimony. tending to support plaintiff's allegations, and prove that the value of the use of the premises was of some monetary consideration to him. The lower court and the jury, " having had the witnesses before them, and having had an opportunity to observe their manner and bearing while testifying, are more able to judge of the weight which ought to be attached to their testimony than an appellate court, looking at the evidence only as it is written in the record. And we cannot say that the verdict is so manifestly against the preponderance of evidence that we cannot hesitate to declare the evidence clearly insufficient to support it, or that the jury acted from prejudice or passion." *Farr* v *Griffith*, 9 Utah, 418, 35 Pac. 506. If the jury believed the testimony of Sparks, plaintiff's witness, that the cost of manufacturing the salt was but 70 cents per ton, and that the market price was $5 and $3

per ton for sacked and loose salt, respectively, then there would be evidence sufficient to justify the verdict. We see no error in the record, and affirm the judgment, with costs.

MERRITT, C. J., and BARTCH, J., concur.