CULVER *v.* FIDELITY & DEPOSIT CO. OF MARYLAND.

1. APPEAL AND ERROR—APPEAL BOND—REVERSAL —REHEARING— LIABILITY OF SURETY.

A bond to stay execution on a judgment pending a writ of error, the condition of which obligates the surety " to pay the said judgment and costs if the same is not reversed " and to "prosecute its writ of error to effect and pay and satisfy such judgment as shall be rendered against it thereon," obligates the surety to satisfy the final judgment rendered on the writ of error, and the obligation is not discharged by a reversal of the judgment which is followed by a rehearing and an affirmance, only the opinion on rehearing being the final judgment.

2. SAME—DECISION—REHEARING—NOTICE—NECESSITY.

Service of notice of an application therefor is not essential to give the court jurisdiction to grant a rehearing, since the court could grant a rehearing upon its own motion without application.

3. SAME—APPEAL BOND—JUDGMENT—HARMLESS ERROR.

A judgment against a surety on an appeal bond will not be reversed for failure to prove service of an application for a rehearing in the original case, where the records of this court show that such service was had.

4. EVIDENCE—JUDICIAL NOTICE—COURT RECORDS.

This court will take judicial notice of its own records in another case.

Error to Van Buren; Des Voignes, J. Submitted June 11, 1907. (Docket No. 66.) Decided October 4, 1907.

Debt by William Culver against the Fidelity & Deposit Company of Maryland for the amount of an appeal bond. There was judgment for plaintiff on a verdict directed by the court, and defendant brings error. Affirmed.

*Edward Maher* and *C. B. Hirtzel*, for appellant.

*Thomas J. Cavanaugh* and *L. A. Tabor*, for appellee.

CARPENTER, J. Plaintiff obtained a judgment against the South Haven & Eastern Railroad Co. in the circuit court for the county of Van Buren. For the purpose of staying the issuance of execution on said judgment said South Haven & Eastern Railroad Co. filed a bond upon which the present defendant was surety. The condition in said bond is as follows:

"Now, therefore, the condition of this obligation is such that if the said South Haven & Eastern Railroad Company shall pay the said judgment and costs if the same is not reversed, and if a writ of error is issued in said case that the said South Haven & Eastern Railroad Company will prosecute its writ of error to effect and will

pay and satisfy such judgment as shall be rendered against it thereon, then this obligation to be void, otherwise to remain in full force and effect."

The cause mentioned in said bond was argued in this court February 13, 1906. May 24, 1906, the judgment of the lower court was reversed. Subsequently a rehearing was ordered and had and the judgment affirmed. *Culver* v. *Railroad Co.*, 144 Mich. 254, 257. As this was not paid, plaintiff brought this suit on the bond and recovered a verdict and judgment in the lower court. The surety, the defendant in this case, asks a reversal of that judgment.

Its principal contention is that "when the judgment was reversed on May 24th, 1906, the obligation of the bond was terminated."

This contention must be overruled. It proceeds upon an improper construction of the bond and of the judgment of this court. The language above quoted from the bond obligating defendant to "pay the said judgment and costs if the same is not reversed," and to "prosecute its writ of error to effect and pay and satisfy such judgment as shall be rendered against it thereon," obligates it to satisfy the final judgment rendered on said writ of error. *Pearl* v. *Wellman*, 11 Ill. 352; *Crane* v. *Weymouth*, 54 Cal. 476; *Humerton* v. *Hay*, 65 N. Y. 380; *Robinson* v. *Plimpton*, 25 N. Y. 484. The judgment of May 24th was in no sense a final judgment. The judgment of affirmance subsequently rendered was the final judgment. It follows that the obligation of the bond was not terminated by the reversal of May 24, 1906. See *Pearl* v. *Wellman*, supra.

Defendant also contends that the judgment should be reversed because the record fails to show service of notice of the application for a rehearing, as required by the rules of this court; that without such notice "the rehearing is inoperative in law, because depriving the Fidelity Company of 'due process of law' and the protection accorded by the Federal Constitution to a foreign corpora-

tion." We answer this contention by saying that service of notice of the application was not essential to give this court jurisdiction to grant a rehearing. It could grant that of its own motion without any application whatever. We think, however, that in this case it is proper to say that if defendant is right in its present contention the error in question is altogether harmless. The records in this court in the case of *Culver* v. *Railroad Co.*, of which we may take judicial notice, supply the alleged defect in the present record. Those records show that on June 1, 1906, and within seven days after the reversal heretofore alluded to, plaintiff filed an application for a rehearing. It must be presumed that this application was properly served, for four days afterwards, on the 4th of June, defendant filed an answer to said application. Defendant has no right to have a judgment reversed for an error which is corrected by the records of this court.

Judgment affirmed.

McALVAY, C. J., and GRANT, HOOKER, and MOORE, JJ., concurred.