# BRIGHAM CITY, APPELLANT *v.* JOHN CRAW-FORD, RESPONDENT.

EJECTMENT—BY MUNICIPAL CORPORATION—FOR STREET CROSSINGS
—EXISTENCE OF HIGHWAY—ORAL EVIDENCE—WHEN ADMISSIBLE.
PROOF OF EXISTENCE OF HIGHWAY—RECORD EVIDENCE UNNEC-
ESSARY.  CROSS-EXAMINATION—ON DEED IDENTIFIED IN CHIEF—
GENERAL EXCEPTIONS—OF NO AVAIL.

*Ejectment—By Municipal Corporation—For Street Crossings—Ex-
istence of Highway—Oral Evidence—When Admissible.*

In an action in ejectment by a municipal corporation to recover
possession of the land covered by the intersection of certain
city streets, where the answer denies that a street has been
laid out, recorded or used over the land in question and pleads
actual possession, adverse claim, the statute of limitations
and an estoppel, it is proper to ask a witness, who has been
shown to be familiar with the streets, how long the streets
have been opened and used, whether or not there is any
obstruction in them and whether or not the defendant is
maintaining a fence at the intersection, although offered
prior to any record evidence of the highways.

*Proof of Existence of Highway—Record Evidence Unnecessary.*

A highway can be proved to be such without producing the
deeds or record establishing it.

*Cross-Examination—On Deed Identified in Chief.*

Where a witness has identified a deed on direct examination he
may, on cross-examination, be interrogated fully in regard
to it.

*General Exceptions—Of no Avail.*

General exceptions to the charge of a trial court are of no avail
on appeal.

( Decided June 27, 1899.)

Appeal from the First District Court, Box Elder county, Hon. Charles H. Hart, *Judge.*

Action in ejectment to recover possession of certain land at the intersection of certain streets in Brigham City. From a verdict and judgment in favor of defendant, plaintiff appeals. *Reversed.*

*B. H. Jones, Esq.,* for appellant.

*R. H. Jones, Esq.,* for respondent.

BARTCH, C. J.

This is an action in ejectment brought by the plaintiff to recover possession, from the defendant, of a certain piece of land situated at the intersection of Box Elder and Cambridge streets, in Brigham City, Utah. At the trial the jury returned a verdict in favor of the defendant, and the plaintiff appealed.

In the complaint, after alleging the coporate existence of the plaintiff, as a municipality, it is stated, substantially, that, at the time of bringing the action, the plaintiff was the owner, seized in fee and entitled to the possession, of the land covered by Box Elder and Cambridge streets in plat " C," Brigham City Survey, and that the defendant was in the possession thereof and unlawfully withheld the same from the plaintiff.

The answer denies the material allegations of the complaint, and disclaims all interest in the land claimed by the plaintiff, except that situated at the intersection of said streets. The land in dispute is then particularly described in the answer, and it is averred therein that " on no part of said tract has any street ever been declared, laid out, recorded, worked or used by plaintiff, or the public; and no intent has ever existed or been manifest to do so; and

has been long abandoned." As further defense actual possession and adverse claim are set up, and the statute of limitations and an estoppel are pleaded.

Under this state of the pleadings, the court, upon objection by the respondent, refused to permit the witness Larsen, called for the plaintiff, to answer the following question: "You may state how long, to your knowledge, Box Elder and Cambridge streets have been open and used, in plat 'C,' Brigham City Survey, in section 12, township 9 north, range 2 west?"

The appellant insists that the action of the court in the premises was erroneous, and under the circumstances, we are inclined to so hold.

Likewise, as to the refusal of the court to permit answers to a number of other questions asked the witness by counsel for the appellant, among them the following: "Mr. Larsen, you may state whether or not there is any obstruction in Box Elder and Cambridge streets whatever? Mr. Larsen you may state whether or not Mr. Crawford had a fence at the junction of what is called Box Elder and Cambridge street?"

Box Elder and Cambridge are the streets, at the intersection of which the land in dispute is situated, and it had already been shown in evidence, without objection, that the witness, who was a councilman of the municipality, was acquainted with those streets, "in Plat C, Brigham City Survey, Section 13, North of Range 2 West," for fifteen or twenty years; that Box Elder street is six rods wide, extending north and south; and that Cambridge street is four rods wide and extends east and west.

These facts having been shown in evidence, there is no good reason, apparent from the record, why the kind of evidence offered should have been excluded, even though it was offered prior or preliminary to the introduction of

record evidence as to the existence of plat "C," or of the highways. "A highway can be proved to be such without producing the deeds or record establishing it." 1 Whart. Ev. sec. 77; *Woburn* v. *Henshaw,* 101 Mass. 193.

So we perceive no reason from the record for sustaining the objection to the defendant's witness Thompson answering, on cross-examination, the question, "Why did you bound those lots by the street when you gave the deed, if you had an adverse claim to the land in dispute?" This related to a deed which the witness had made to the defendant and which had been introduced in evidence during the examination of the witness in chief, the deed having been identified by the witness. The appellant therefore had the right to cross-examine the witness in relation to it.

Doubtless the most important questions, and upon which the rights of the parties must ultimately depend, are those relating to the statute of limitations, adverse claim, and estoppel, but they have not been presented in such manner as will justify us in considering them. There has been an attempt to raise them by some general exceptions to the charge of the court, in the face of the fact, that we have held, time and again, that such exceptions cannot be of avail on appeal.

The record is so manifestly inaccurate and misleading that we do not feel justified in rendering a decision which would finally determine the rights of the parties, and become a precedent respecting questions of such grave importance to the public. So, the briefs of counsel, on both sides, are to say the least, not such as to inspire confidence and aid the court. We regret that, impelled by a sense of justice, we are forced to note these strictures, but, from the manner in which the case has been presented to us, they are doubtless merited.

The judgment must be reversed and the cause remanded, with directions to the court below to grant a new trial and permit the parties to amend their pleadings if they so desire.

It is so ordered.

I concur, MINER, J.

I dissent, BASKIN, J.