## CARSTENSEN v. HANSEN et ux.

No. 6734.   Decided October 24, 1944.   (152 P. 2d 954.)

See 36 C. J. Landlord and Tenant, Sec. 1839.

*John A. Hendricks,* of Ogden, for appellant.

*R. H. Baumunk,* of Ogden, for respondents.

WADE, Justice.

Plaintiff and appellant herein commenced an action in unlawful detainer in the city court of Ogden City against defendants and respondents herein. The defendants entered a general appearance in the city court and upon trial had on the merits, judgment was entered against them awarding plaintiff the possession of the premises in question and granting triple damages for the unlawful detainer. Defendants appealed from this judgment to the Second Judicial District Court. Upon retrial of this matter in the district court that court dismissed the action on the ground that the notice to quit the premises had not been served upon defendants in conformance with Sec. 104-60-6, U. C. A. 1943, and therefore the court had not obtained jurisdiction of the subject matter.

From this order of dismissal plaintiff appeals and assigns as error the finding of the court that the notice to quit the premises had not been served in compliance with Sec. 104-60-6, U. C. A. 1943, and dismissing the action because of this.

Defendants were tenants of plaintiff and were renting for an indefinite term on a monthly basis. Sec. 104-60-3, U. C. A. 1943 of our Forcible Entry and Detainer statute provides that:

"A tenant of real property, for a term less than life, is guilty of unlawful detainer:
* * * * *

"(2) When, having leased real property for an indefinite time with monthly or other periodic rent reserved, he continues in possession thereof in person or by subtenant after the end of any such month or period, in cases where the landlord or the successor in estate of his landlord if any there is, fifteen days or more prior to the end of such month or period, *shall have served notice requiring him to quit the premises* at the expiration of such month or period; * * *." (Italics ours.)

Section 104-60-6, U. C. A. 1943, sets out the manner in which the notice referred to in the section quoted above must be served. Sec. 104-60-6 reads:

"The notices required by the preceding sections may be served either:

"(1)  By delivering a copy to the tenant personally; or,

"(2)  If he is absent from his place of residence, or from his usual place of business, by leaving a copy with some person of suitable age and discretion at either place and sending a copy through the mail addressed to the tenant at his place of residence or place of business; or,

"(3)  If such place of residence or business cannot be ascertained or a person of suitable age or discretion cannot be found there, then by affixing a copy in a conspicuous place on the leased property and also delivering a copy to a person there residing, if such person can be found, and also sending a copy through the mail addressed to the tenant at the place where the leased property is situated. * * *"

Appellant admits that none of the methods outlined in the above section was followed in serving the notice to quit. Instead, after having failed in a few attempts to find respondents at home and serve them personally with notice, she mailed a copy of said notice addressed to ▮ them at their place of residence. Appellant argues, however, that if this should not be considered a substantial compliance with the statute then, in any event, this defect was cured because respondents had waived this requirement by appearing generally and going to trial on the merits. Assuming that compliance with this statute can be waived by a defendant under certain circumstances, entering a general appearance cannot have that effect. Furthermore, the facts do not sustain appellant's argument. The service which was proved was not in compliance with the statute. To hold that any method of service other than that prescribed in the statute is sufficient to comply with it would be to nullify the intention of the legislature. There could be no need to detail certain explicit methods of service if any method will do. It is our opinion the court did not err in dismissing the action because of appellant's failure to properly serve respondents with notice to quit. The basis of a suit in unlawful detainer is unlawful possession, and a tenant holding for an indefinite term on a monthly

basis is not holding unlawfully until he fails to comply with the demands of a notice which has been properly served on him. *Hyde* v. *Goldsby*, 25 Mo. App. 29, is a case similar in the facts to the instant case in that an attempt was made to serve the "notice to quit" by mailing when the statute prescribed different methods. The court there held that proper service of this notice was a prerequisite to the cause of action. In so holding the court said:

"Under statutes like this, it is not the fact that the party to be notified has actual knowledge of the fact, but it is proof that it has been conveyed to him in the prescribed method, that gives the right of action. (Citing cases.)

"As suggested in the last named case, the admission of such proof, in pais, would be attended with much uncertainty, conjecture and diversion into collateral inquiries. But more, it would be to establish another method of proof than that prescribed by the statute, or another mode of service, in fact. The statutory method, once broken through, would open wide the gates for vicious precedents, which rapidly multiply, and too often, in the end, practically nullify the will of the legislature."

See also 32 Am. Jur., Landlord and Tenant, Sec. 1025, and 36 C. J. S. Forcible Entry and Detainer, Section 23 and 25.

For the foregoing reasons the judgment is affirmed with costs to respondents.

LARSON, McDONOUGH, and TURNER, JJ., concur.

WOLFE, Chief Justice (concurring).

I concur but it should be kept in mind that while the basis of a suit for unlawful detainer is unlawful *possession* not all unlawful possessions may be the basis of suits for unlawful detainer. There may be unlawful possession not reachable by an action of unlawful detainer. I should also call attention to the fact that while the court dismissed the action stating that it had no jurisdiction, it is obvious that what it meant was that it was dismissed because it was apparent that there was no cause of acion. That was for

the reason that under Section 104-60-3 (2) it was necessary, in order to terminate this tenancy and make continued possession unlawful, to serve notice on the defendant to quit. Until proper notice to quit is served the tenant's continued possession is lawful and an action for unlawful detainer will not lie.

The appellant's contention that this failure to give notice to quit was cured by the entry of a general appearance in the unlawful detainer action is not only untenable but shows a confusion of legal concepts. Until the tenancy is terminated by proper notice to quit there is no unlawful detainer. The notice to quit is necessary to give rise to the cause of action. Where a landlord commences suit without first terminating the tenancy by giving proper notice to quit, the tenant can certainly appear and show that his tenancy is lawful. When it appears that the tenancy has not been terminated by proper notice, the court should dismiss the suit on the grounds that there is no cause of action.