303 P.2d 995

James A. CHRYSLER, Plaintiff and Appellant,

v.

Grace CHRYSLER, Defendant and Respondent.

No. 8515.

Supreme Court of Utah.

Nov. 28, 1956.

---

6. See section 17–4–1, U.C.A.1953.

Edward Sheya, Price, for appellant.

Frank B. Hanson, Price, for respondent.

CROCKETT, Justice.

This appeal challenges as an abuse of discretion the refusal of the trial court to set aside a decree of divorce.

Plaintiff James A. Chrysler filed a complaint for divorce on April 21, 1955. Within a week, on April 27, defendant Grace Chrysler filed her answer and counterclaim, to which plaintiff filed a reply on May 12, 1955. Trial was set for November 28, 1955, with knowledge and concurrence of the attorneys for both sides. On that date the matter came on for hearing, no one appeared for the plaintiff. Judgment was entered

against him for divorce and $5,000 payable forthwith, $100 per month as alimony; and an automobile, housetrailer, other personal property and $200 attorney's fees. Within the 90 days permitted by Rule 60(b), U.R. C.P., plaintiff made a motion to have the judgment against him set aside and for opportunity to have a trial upon the merits. This motion was presented to the trial judge, Honorable F. W. Keller, February 27, 1956, who denied the same.

We are entirely in accord with the authorities cited by plaintiff to the effect that it is generally regarded as an abuse of discretion for a trial court to refuse to vacate a default judgment where timely application is made and there is any reasonable grounds for doing so, to the end that cases may be decided on their merits.[1] Certain it is that under usual circumstances it is inequitable and unjust to condemn a party unheard and that doubts should be resolved in favor of setting aside a default judgment to permit the parties to have their day in court. The authorities are uniform to that effect. It will be found, however, that these cases are predicated upon the hypothesis that there has been some mistake or excusable neglect on the part of the movant from which, in justice and equity, he should be relieved. The pertinent inquiry here is whether plaintiff met that requirement.

It appears that after an order to show cause was served upon the plaintiff, he failed to appear in response thereto, but instead went to the state of Nevada. After apparently having remained there for six weeks, requisite under Nevada law to residence for divorce, he commenced another action against the defendant in Reno and attempted to have service made upon her in Moab. Although the plaintiff's attorney of record here (different from present counsel) knew of the trial setting here, by affidavit of plaintiff and his Reno attorney, it is claimed that plaintiff did not personally receive notice of the trial date until he came into his attorney's office in Reno the same morning as the trial here, November 28, 1955. Even if true, this circumstance would appear to be quite immaterial. His attorney had notice, and plaintiff's conduct there was entirely inconsistent with any bona fide intention to pursue this action in Utah.

At the hearing upon the motion to set aside the judgment neither plaintiff nor his Nevada attorney appeared for cross-examination upon the facts alleged in their affidavits. His appeal seems to proceed upon the assumption that the court was obliged to accept them as true, which is not the case. Apparently the court was not convinced that the plaintiff had any justifiable excuse for not appearing at the trial,

1. See Ney v. Harrison, 5 Utah 2d 217, 299 P.2d 1114; Bylund v. Crook, 60 Utah 285, 208 P. 504; Moore's Fed.Practice, Vol. 7, p. 224.

418

nor that he at that time in good faith desired to pursue the Utah action.

Nevertheless the trial court seems to have been quite solicitous that under proper circumstances the plaintiff have an opportunity to present his case. Having indicated that he would deny the motion on the basis of the showing made, he said: "I will make this modification of my order: I deny it without prejudice to your right to file another one," and suggested to plaintiff's attorney that plaintiff show his good faith by setting aside the Nevada divorce and then presenting the matter to the court. While the trial court very properly refused to commit himself to a pre-judgment of the motion, if that were done, his suggestion was the only way the parties could have been placed in a status where the defendant would have had a fair opportunity to litigate her rights. Had the Utah divorce been set aside, leaving the Nevada decree extant, defendant undoubtedly would have been confronted with the contention that the Nevada decree was valid and perplexing problems would have arisen. The plaintiff spurned the court's suggestion and elected to stand upon the order denying this motion and to attack it by taking this appeal.

■ Notwithstanding the policy of liberality in granting relief to persons against whom default judgments have been taken when there has been excusable neglect, inadvertence or surprise, it is not to be forgotten that Rule 60(b) under which such relief is granted states that the court may relieve a party from a final judgment in the "furtherance of justice". Manifestly the court should not follow the rule of indulgence toward the party in default when the effect would be to work an injustice or inequity upon the opposing party.[2] A prime requisite precedent to the granting of such relief is that the movant demonstrate that he comes to the court with clean hands and in good faith. His entire conduct as disclosed by the record negates this.

■ Plaintiff initially sought relief before the Utah court, but when he found a contest there, he fled from it and has tried by devious conduct to circumvent the effects of the action he commenced and to defeat the jurisdiction of the court from which he now seeks consideration. Inconsistent with any bona fide intent to pursue the action in the Utah court and abide by its judgment are: his failure to appear when he was served with an order to show cause; his departure from the state; his purported establishment of residence in Nevada; his filing of a new action for divorce there; his deliberate choice to see the Nevada action through and take a judgment even after notice that the Utah court had rendered a judgment in the action he had initiated; his indifference to the Utah decree

2. See statement in Cutler v. Haycock, 32 Utah 354, 90 P. 897.

for more than two months after it was entered; his failure to appear personally on the motion to set aside the judgment, and finally, his rejection of the trial court's request that he set aside the Nevada proceeding and then submit the matter to the Utah court.

The order refusing to set the judgment aside is affirmed. The case is remanded with directions that the trial court determine and allow such additional attorney's fees as it deems proper for defending this appeal. Costs to respondent.

McDONOUGH, C. J., and HENRIOD, WADE, and WORTHEN, JJ., concur.