464 P.2d 592

**AMERICAN HOLDING COMPANY, a Utah corporation, Plaintiff and Appellant,**

v.

**Parker G. HANSON and Garda P. Hanson, his wife, Defendants and Respondents.**

No. 11743.

Supreme Court of Utah.

Jan. 21, 1970.

Phillip L. Foremaster, St. George, for plaintiff and appellant.

Durham Morris, Cedar City, for defendants and respondents.

TUCKETT, Justice:

The plaintiff commenced these proceedings seeking termination of a certain lease and to recover the leased premises.

On April 10, 1961, B & E Securities, Inc., a corporation, as lessor, entered into a written lease with the defendants and the defendants went into possession of the property in St. George, Utah. After the execution of the lease, B & E Securities, Inc., assigned all of its rights in the lease and conveyed its ownership in the property to the plaintiff.

The terms of the lease provided that the defendants were to make monthly payments of rent; to pay utility bills chargeable to the premises; and to pay the personal property tax assessed upon the property of the defendants.

The defendants made the rental payments as called for by the lease until March, 1965, when they failed to make the payment for that month. Thereafter the defendants were delinquent in the payment of rent for various periods of time and the plaintiff from time to time notified the defendants of those delinquencies. During the year 1968 the defendants had failed to pay the rental for a period of several months and the plaintiff served written notice upon the defendants of its intention to terminate the lease and requested the defendants to surrender possession of the premises.

The defendants failed to deliver possession of the premises to the plaintiff and these proceedings were commenced. The plaintiff and the defendants filed separate motions for a summary judgment. On June 28, 1969, the trial court made and entered an order granting the defendants' motion and from that order the plaintiff has appealed to this court.

The notice of termination and to quit served upon the defendants by the plaintiff declared that the defendants had failed to make the payments of rent due under the lease and that they had also failed to pay the utility bills. The notice further provided that the defendants were to quit the premises and to deliver possession of the same to the plaintiff within 15 days.

It is quite obvious that the notice failed to comply with Section 78–36–3, U.C.A.1953. Prior decisions of this court are to the effect that Chapter 36, Title 78, U.C.A.1953, is the exclusive remedy for the recovery of premises held by a tenant for a term of less than life. The case of King v. Firm[1] had this to say: "A landlord who is entitled to possession must, on the refusal of the tenant to surrender the premises, resort to the remedy given by law to secure it."

The statute requires that a notice in writing requiring in the alternative the payment of the rent or the surrender of the detained premises shall have remained uncomplied with for a period of three days after the service of the notice. The landlord is not entitled to maintain an action for the restitution of the premises without first having complied with the statute in giving a proper notice which complies with the terms of the statute. The trial court was correct in granting a summary judgment. The judgment of the court below

1. 3 Utah 2d 419, 285 P.2d 1114.

is affirmed. Defendants are entitled to costs.

CROCKETT, C. J., and HENRIOD, J., concur.

ELLETT, Justice (concurring in the result).

I concur in the result reached in the main opinion but not for the reasons stated therein. I base my concurrence solely upon the ground that the plaintiff had repeatedly allowed the defendants to get in arrears in the payment of the rent and then allowed them to bring the payments up to date. Without giving the defendants a chance to pay and without having notified them that no further delinquencies would be permitted, the plaintiff began this action to terminate the lease. The courts do not allow a forfeiture under such circumstances. The case of Pacific Development Co. v. Stewart, 113 Utah 403, 195 P. 2d 748 (1948), was a case wherein the purchaser of land was protected from forfeiture, and I can see no reason why the same rule should not apply to one with a lease.

In Utah the common law of England, insofar as it is not repugnant to or in conflict with the Constitution or laws of the United States or the Constitution or laws of Utah, is in full force and effect.[1]

The common law action of ejectment was in general use at statehood and afterward and is still available to one who seeks possession of real property and who does not care to use the summary method provided by the unlawful detainer statute.[2] Likewise, there was and is an available action in Utah to quiet title to realty by the owner against anyone who claims an interest therein.[3]

The actions of forcible entry and of unlawful detainer providing for the determination in a summary manner of the right to possession of realty have been in force and effect in Utah since before statehood also.[4] Certainly if one wishes to avail himself of the unlawful detainer statute, he must follow the procedure set out therein. However, that does not mean that he must confine his action for redress to the remedy of unlawful detainer in all cases. The law is stated in 52A C.J.S. Landlord & Tenant § 729 as follows:

* * * Statutes providing the remedy of forcible entry and detainer or other summary proceeding for the recovery of possession by a landlord from a tenant

1. Section 68–3–1, U.C.A.1953.
2. Tarpey v. Sharp, 12 Utah 383, 43 P. 104 (1895); Eastman v. Gurrey, 15 Utah 410, 49 P. 310 (1897); Brigham City v. Crawford, 20 Utah 130, 57 P. 842 (1899).
3. Chapter III, C.L.U.1888, Sec. 78–40–1 et seq., U.C.A.1953.
4. Chapter IV, C.L.U.1888.

do not forbid the institution of an action of ejectment where it may be maintained at common law; * * *

The law is also stated in 28 C.J.S. Ejectment § 5 as follows:

* * * The fact that a summary remedy is given by statute will not prevent the bringing of a suit in ejectment, where there is nothing in the statute from which it may be inferred that the statutory remedy was intended to be exclusive. Thus, ejectment lies where the remedy by forcible entry and detainer is not exclusive but merely cumulative. * * *

There is nothing in the statute regarding forcible entry and detainer which provides for an exclusive remedy.

The recent case of Gerard v. Young, 20 Utah 2d 30, 432 P.2d 343 (1967), involved a situation like the instant matter where a landlord sought to have the court cancel a lease and to recover damages. The landlord asked to have his damages trebled under the unlawful detainer statute. In the concurring opinion of the present author, the reasoning of which was accepted by the majority opinion it was said:

There are other reasons why the trial court could not grant treble damages. In the first place, for a plaintiff to bring his case under the Forcible Entry and Detainer statute, he must have the court to endorse upon the summons the number of days within which the defendant shall be required to appear and defend the action, which shall be not less than three or more than twenty days from date of service. * * *

The record does not show that the statute was followed in this regard, and, if not, then the plaintiff is in court on a suit to cancel the lease and get actual damages only and not to have the same trebled.

The main opinion cites one sentence from the case of King v. Firm, 3 Utah 2d 419, 285 P.2d 1114 (1955). However, this sentence was but a part of a quotation from the case of Buchanan v. Crites, 106 Utah 428, 150 P.2d 100, 154 A.L.R. 167, (1944), which case did involve the forcible entry by landlord in the absence of the tenant and the removal of all doors from the house. The suit was not brought under the forcible entry statute, but this court used the rights granted by that statute to determine that there was a cause of action on behalf of the tenant, the plaintiff therein. At page 436 of the Utah Reports, 150 P.2d at 103 this court said:

* * * Under our statute any entry by force is prohibited. Being prohibited, such entry was wrongful and the aggrieved party has his remedy. The Forcible Entry Statute expressed a policy that no person should enter by force, stealth, fraud or intimidation, premises

of which another had peaceable possession. This had the effect of taking away the common law right of a landlord to possess his own property by no more force than was necessary and left the one against whom force was used to pursue his common law action. Whether the plaintiff would have had a right to bring an action under the Forcible Entry Statute we need not consider. Is suffices that he did not in this case do so.

This case clearly holds that one need not follow the forcible entry statute when he has been forcibly evicted from property of which he was peaceably possessed.

By the common law of England the landlord was entitled to reenter upon the failure of the tenant to comply with the lease provisions, but a statute made it unlawful for the landlord to do so if he used more force than was necessary.[5] However, this afforded no remedy to the dispossessed tenant. The forcible entry statute, therefore, gave a right to the tenant which he did not have under common law.

The unlawful detainer statute did not give a new right to the landlord because the landlord at common law had various remedies by which he could secure the possession of real property upon breach of lease by the tenant. The summary procedures provided by law under unlawful detainer statutes were but cumulative of remedies already possessed by the landlord and, therefore, would not be exclusive in the absence of a specific statement to that effect in the statute.[6]

The identical question was raised in the Wyoming case of Allen v. Houn, 30 Wyo. 186, 213 P. 757 (1923). The court said at pages 758 and 759:

> It seems, however, to be claimed that, since the existence of the right of summary proceedings in forcible entry and detainer, and unlawful detainer, the remedy of an action in ejectment no longer applies in cases like the present. But the statue providing for these summary proceedings is not exclusive by its terms. * * *

I therefore, cannot concur in holding that the landlord must comply with the unlawful detainer statute before he can recover possession of realty.

CALLISTER, J., concurs in the concurring opinion of ELLETT, J.

---

5. 5 Statute of Richard II c. 8.

6. State ex rel. Whitmore v. Barboglio, et al., 63 Utah 432, 226 P. 904 (1924).