K. E. SOVEREEN, Plaintiff and Respondent,

v.

Terri MEADOWS, Defendant and Appellant.

No. 15782.

Supreme Court of Utah.

April 11, 1979.

Wendell E. Bennett, Salt Lake City, for defendant and appellant.

Jonathan H. King and Patricia DeMichele, Salt Lake City, for plaintiff and respondent.

STEWART, Justice:

This appeal is from the refusal of the trial court to set aside a default judgment unless the appellant paid attorney's fees into court. The default judgment was rendered January 5, 1978. We reverse and remand on the ground that the default judgment should have been set aside without any conditions because plaintiff failed to state a claim upon which relief can be granted.

The facts are not in dispute. The defendant was a tenant of plaintiff on a month-to-month basis under an arrangement whereby she was to pay $135 per month rent. Defendant fell in arrears in the payment of her rent; and on November 3, 1977, plaintiff served upon her the following notice:

YOU, YOUR OFFICERS OR AGENTS AND ASSIGNS, WILL PLEASE TAKE NOTICE that you have continued in possession of the above described premises after default in the payment of rent.

YOU ARE HEREBY NOTIFIED to quit and vacate said premises, and if you have not within three days after service of this notice upon you, your continued possession will be deemed unlawful detainer and civil action will be commenced in accordance with the laws of the State of Utah, to obtain restitution of the premises, treble damages, costs and attorney fees and for such other liability as may be adjudicated.

Thereafter a three-day summons and a complaint, both dated December 12, 1977, were issued, but it is unclear from the rec-

ord whether they were actually served upon defendant.[1]

The complaint alleged that defendant was in unlawful detainer and sought, inter alia, to regain possession of the premises. The defendant failed to file an answer within the prescribed time period, and plaintiff obtained a default judgment on January 5, 1978.

On January 16, 1978, defendant moved to set aside the default judgment based on Utah Rules of Civil Procedure, Rules 55(c) and 60(b). In support of this motion defendant submitted an affidavit in which she alleged, inter alia, that she had first received the complaint after the default judgment was entered against her and was not aware of any legal proceedings prior to that date.[2]

The trial court granted the defendant's motion to set aside the default judgment but conditioned it upon her paying $150 attorney's fees to plaintiff within 30 days. The court later changed this order to require that payment be made to the court pending the outcome of the action, rather than to the plaintiff. The defendant did not pay the $150 within the 30-day time period, and the trial court therefore denied her motion to set aside the default judgment.

On appeal defendant raises several issues: (1) that she was not in unlawful detainer and the judgment was void because the notice to quit did not comply with the provisions of Utah Code Ann., Sec. 78–36–3(3) (1953), as amended, because the eviction notice did not give her the option of paying the delinquent rent; (2) that the trial court erred in awarding attorney's fees; (3) that plaintiff was not entitled to recover costs; and (4) that the court committed reversible error in conditioning the order setting aside the default judgment upon payment of attorney's fees.

Plaintiff attempted to reclaim possession of the rental property under Utah's unlawful detainer statute, Sec. 78–36–3, which in pertinent part reads as follows:

A tenant of real property, for a term less than life, is guilty of an unlawful detainer:

\* \* \* \* \* \*

(3) When he continues in possession, in person or by subtenant, after default in the payment of any rent and *after a notice in writing requiring in the alternative the payment of the rent or the surrender of the detained premises, shall have remained uncomplied with for a period of three days after service thereof.* Such notice may be served at any time after the rent becomes due . . . . [Emphasis added.]

Plaintiff's notice to quit failed to comply with subsection (3) because it did not state that the tenant had the option of paying the delinquent rent.

The unlawful detainer statute is a summary proceeding and in derogation of the common law. It provides a severe remedy, and this Court has previously held that it must be strictly complied with before the cause of action may be maintained. *Van Zyverden v. Ferrar,* 15 Utah 2d 367, 393 P.2d 468 (1964); *Perkins v. Spencer,* 121 Utah 468, 243 P.2d 446 (1952). In *American Holding Co. v. Hanson,* 23 Utah 2d 432, 464 P.2d 592 (1970), we held that a landlord was not entitled to maintain an action under Sec. 78–36–3(3) without first giving a proper notice which complies with the terms of the statute. The lessor's notice in *American Holding* did not comply with the statute because it did not give the lessee the alternative of paying the delinquent rent or surrendering the premises. In *Jacobsen v.*

---

1. Defendant, by an affidavit, later claimed she had first received a copy of the complaint January 6, 1978, after the default judgment had been entered against her. The three-day summons does not have a proper return of service affixed to it; however, the record contains a return which apparently had become separated from the summons. The defendant did not raise the issue that the return of service was improper.

2. It is unclear from the record whether or how the dispute concerning the service of process was resolved. In any event, defendant does not specifically raise this issue on appeal.

*Swan,* 3 Utah 2d 59, 68, 278 P.2d 294, 301 (1954), on similar facts this Court held that an unconditional notice to quit served on a holdover tenant is insufficient "to place [the tenant] in unlawful detainer."

■ The lessor's notice in the case at bar suffers from the same defect as did the notices in *American Holding* and *Jacobsen.* Therefore, because the statute was not strictly complied with, the lessee was not in unlawful detainer and the lessor was not entitled to maintain the unlawful detainer action against her.

In *Carstensen v. Hansen,* 107 Utah 234, 152 P.2d 954 (1944), this Court affirmed a judgment dismissing a cause of action in unlawful detainer under a predecessor statute to Sec. 78–36–3 et seq. The trial court had dismissed the action on the ground that the notice to quit had not been served in compliance with the statute and therefore the court had not obtained jurisdiction over the subject matter. The majority opinion did not adopt that ground as a basis for its affirmance. However Wolfe, C. J., in a concurring opinion, stated that the dismissal could not be grounded on a lack of jurisdiction but rather on the failure to state a claim.

. . . I should also call attention to the fact that while the court dismissed the action stating that it had no jurisdiction, it is obvious that what it meant was that it was dismissed because it was apparent that there was no cause of acion [sic]. That was for the reason that under Section 104—60—3(2) it was necessary, in order to terminate this tenancy and make continued possession unlawful, to serve notice on the defendant to quit. Until proper notice to quit is served the tenant's continued possession is lawful and an action for unlawful detainer will not lie.

. . . Until the tenancy is terminated by proper notice to quit there is no unlawful detainer. The notice to quit is necessary to give rise to the cause of action. Where a landlord commences suit without first terminating the tenancy by giving proper notice to quit, the tenant can certainly appear and show his tenancy is lawful. When it appears that the tenancy has not been terminated by proper notice, the court should dismiss the suit on the grounds that there is no cause of action. [*Id.,* 107 Utah at 237, 238, 152 P.2d at 956].

In the case before us, the defendant's tenancy was not unlawful, and the trial court should have dismissed the lawsuit because the plaintiff had not stated a claim for which relief may be granted.[3]

■■ Finally, we note that it is unclear whether, in the trial court, defendant properly raised the issue of the defective notice in her motion to set aside. However, because the plaintiff lessor did not argue on appeal that defendant had failed to raise this issue in the trial court, and argued the issue on the merits before this Court, we are compelled to assume that the issue was properly presented to the trial court since the record does not show otherwise. Since the failure to state a claim, which clearly appeared on the face of the complaint, is so fundamental and plain an error which plaintiff could have avoided, it was not appropriate for the trial judge to condition the setting aside of the default judgment upon the payment of attorney's fees.[4] We therefore hold that requiring the payment of attorney's fees as a condition to setting aside the default judgment pursuant to Rule 60(b) was an abuse of discretion. See *Hurd v. Ford,* 74 Utah 46, 276 P. 908; cf.

---

3. Some authority exists for the proposition that a court has no subject matter jurisdiction in an unlawful detainer action in which the notice is defective, *Gasser v. Jet Craft Ltd.,* 487 P.2d 346 (Nev.1971); and that a judgment rendered in such circumstances is void, *Harris v. Christy,* 166 Kan. 395, 201 P.2d 1067 (1949); *Goodin v. King,* 192 Kan. 304, 387 P.2d 206 (1963). We believe, however, that a defective notice results in a failure to state a claim rather than lack of subject matter jurisdiction.

4. *Pitts v. Pine Meadow Ranch, Inc.,* Utah, 589 P.2d 767 is not inconsistent with this case. Damages awarded by a default judgment were set aside in *Pitts* upon conditions. However the claim in that case was not fundamentally flawed as it is in this case.

*Carman v. Slavens,* Utah, 546 P.2d 601 (1975).[5]

Reversed and remanded with instructions to vacate the default judgment and for further proceedings not inconsistent with this opinion. Costs to defendant.

CROCKETT, C. J., and MAUGHAN and WILKINS, JJ., concur.

HALL, Justice (dissenting):

I am constrained to dissent since the main opinion addresses the merits of the case rather than confining its review to the sole issue presented, viz., whether the trial court abused its discretion by granting a motion to set aside a default judgment conditioned upon the payment of an attorney's fee.

The setting aside of defaults and judgments is an equitable procedure provided by U.R.C.P. Rule 55(c) thereof contains the following:

> For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

and Rule 60(b) referred to therein sets forth the bases for relief from judgment:

> On motion and upon such terms as are just, the court may in the furtherance of justice relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) when, for any cause, the summons in an action has not been personally served upon the defendant as required by Rule 4(e) and the defendant has failed to appear in said action; (5) the judgment is void; (6) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; (7) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time and for reasons (1), (2), (3), or (4), not more than three months after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This Rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding or to set aside a judgment for fraud upon the court. *The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these Rules or by an independent action.* [Emphasis added.]

Defendant moved to set aside the default judgment based on the following considerations, none of which meet the bases for relief as set forth in said Rule 60(b):

1. The affidavit of Defendant.
2. Defendant's Memorandum of Law.
3. That Plaintiff is not entitled to recover attorney's fees based upon an oral lease.
4. That counsel for Plaintiff has failed to file a timely Memorandum of costs.
5. That Utah's Landlord Lien Statute, Utah Code § 38–3–3, et seq., is unconstitutional on its face and as applied to Defendant.
6. That Plaintiff has in his control or possession certain items of personal property belonging to Defendant in violation of Utah Code § 78–23–1.

The record before us does not contain the memorandum referred to in the motion, but it does contain the defendant's affidavit.

5. We also note that defendant may not have been served with process. That issue was not squarely presented in this Court and it is not clear whether it was ruled upon by the trial court. Of course if there were no proper service, the judgment would be void unless the lack of personal jurisdiction was waived.

Paragraphs 8 through 10 thereof deny that she was personally served which is a basis for relief under Rule 60(b)(4). Those paragraphs read as follows:

8. That she first received a copy of Plaintiff's Complaint on January 6, 1978, and was unaware of legal proceeding against her until that day.

9. That, upon information and belief, that another tenant may have been served with the Complaint by misrepresenting her identity as Terri Meadows to the process server, and did not give the papers to Defendant.

10. That said tenant, LeiLani Long, did so misrepresent her identity to a process server when an eviction notice was served, and Plaintiff delivered said notice from her to Defendant.

In light of the foregoing, the trial court ordered the default judgment set aside, conditional upon the payment of an attorney's fee of $150, and, *on its own motion*,[1] ordered that said $150 "be restored to defendant if the service on the defendant was improper." Subsequently, the court amended its order to permit the $150 to be paid into court. (Apparently this was for defendant's protection in the event her allegation of no personal service was subsequently found to have merit.)

Defendant failed to pay over said $150 to the court without offering any explanation or justification.

Defendant designates this appeal as being from "all orders entered in this action," without specifying them, and *for the first time* challenges the default judgment on the *merits* of the case.[2]

In regard to whether this Court should look to the merits of the case in considering the propriety of a refusal to vacate a default judgment, the case of *Board of Education of Granite School District v. Cox*[3] had this to say:

1. As reflected in Court's minute entry of March 3, 1978.

2. That matters are not to be considered for the first time on appeal, see *Dugger v. Cox*, Utah, 564 P.2d 300 (1977).

It is largely within the discretion of the trial court whether a default judgment should be relieved, which discretion will not be disturbed unless there is a patent abuse thereof.[1] The question then arises,

1 *Ney v. Harrison*, 5 Utah 2d 217, 299 P.2d 1114; See also *Warren v. Dixon Ranch Co.*, 123 Utah 416, 260 P.2d 741; *Peterson v. Crosier*, 29 Utah 235, 81 P. 860.

on this appeal, whether or not the trial court abused its discretion.

The courts will generally grant relief in doubtful cases so that a party may have a hearing. As the court stated in *Warren v. Dixon Ranch Co.*, 123 Utah 416, 260 P.2d 741:

"The allowance of a vacation of judgment is a creature of equity designed to relieve against harshness of enforcing a judgment, which may occur through procedural difficulties, the wrongs of the opposing party, or misfortunes which prevent the presentation of a claim or defense."

We view a default judgment with a careful eye but in doing so we acknowledge that a trial court is endowed with considerable latitude of discretion in granting or denying a motion to set such a judgment aside.[2] It is an abuse of discre-

2 *Mayhew v. Standard Gilsonite Co.*, 14 Utah 2d 52, 376 P.2d 951.

tion to refuse to vacate a default judgment where there is reasonable justification for the defendants' failure to appear and answer.[3] However, the excuse must

3 Ibid.

be reasonable to constitute excusable neglect. . . .

Appellant in asserting the Statute of Frauds and lack of consideration has set forth defenses *which apply to the merits of the case and have no application as to why appellant did not answer within the time allotted. We are concerned only with why he did not answer, not with*

3. 14 Utah 2d 385, 384 P.2d 806 (1963), cited with approval in *Airkem Intermountain, Inc. v. Parker*, 30 Utah 2d 65, 513 P.2d 429 (1973); See also, *Warren v. Dixon Ranch Co.*, 123 Utah 416, 260 P.2d 741 (1953).

*what kind of answer would he give if he were so inclined. This latter question arises only after consideration of the first question and a sufficient excuse therefrom being shown.* [Emphasis added.]

This Court in *Pitts v. Pine Meadow Ranch, Inc.*[4] sanctioned the payment of reasonable and necessary expenses of the opposing party when a default judgment is set aside. That holding is wholly consistent with our prior decision in *Chrysler v. Chrysler*[5] wherein it was stated:

> Manifestly the court should not follow the rule of indulgence toward the party in default when the effect would be to work an injustice or inequity upon the opposing party.

I would affirm the judgment below.

.

---

4.  Utah, 589 P.2d 767 (1978).

5.  5 Utah 2d 415, 303 P.2d 995 (1956); see also 21 A.L.R.2d 863 and 3 A.L.R.Fed. 956 which collect a number of cases in accord.