2017 UT App 104

## THE UTAH COURT OF APPEALS

MOUNTAIN VIEW COLONIAL APARTMENTS,
Appellee,
*v.*
REBECCA ISAIS,
Appellant.

Opinion
No. 20160184-CA
Filed June 29, 2017

First District Court, Brigham City Department
The Honorable Brandon J. Maynard
No. 150100111

Zachary C. Myers, Attorney for Appellant

Charles A. Schultz, Attorney for Appellee

JUDGE J. FREDERIC VOROS JR. authored this Opinion, in which
JUDGES MICHELE M. CHRISTIANSEN and DAVID N. MORTENSEN
concurred.

VOROS, Judge:

¶1 Rebecca Isais (Tenant) appeals from the district court's order evicting her from an apartment she leased from Mountain View Colonial Apartments (Landlord). We reverse the district court's eviction order.

BACKGROUND

¶2 Tenant entered a rental agreement with Landlord that included a "Crime and Drug-Free Housing Agreement" prohibiting "drug related criminal activity." On August 4, 2015, police officers searched Tenant's apartment after reports of a marijuana odor. Landlord then taped a "Notice of Infraction" to Tenant's door alleging violations of the rental agreement,

including "use of marijuana by [Tenant] and/or guest." Landlord filed a complaint and served Tenant with a three-day summons. [1] Tenant filed a pro se answer asserting, among other things, that she had received no notice to quit the premises. Landlord then filed a motion for immediate eviction and a request for an expedited hearing.

¶3     On October 2, 2015, the court held an expedited eviction hearing. Tenant testified that police had detected marijuana residue on some "old mason jars" found in the search of her apartment on August 4. She was unaware of the residue before the police alerted her to it and was never charged. Based on this testimony, the court found that Tenant "did admit to illegal activity on the premises" and that "there was illegal activity that took place on August 4th as it relates to drug possession and/or drug use." Landlord's apartment manager testified that she posted the "Notice of Infraction" "[o]n the inside door of the side entrance" to Tenant's apartment. The court found that "notice of eviction . . . was provided." The court granted the eviction order, giving Tenant three days to quit the premises.

¶4     Tenant filed a motion to amend her answer and a motion to alter or amend the judgment or grant a new trial under rule 59 of the Utah Rules of Civil Procedure. The court denied both motions, concluding that the eviction order "was not an error of law." Although the district court did not specifically address the notice to quit in its memorandum decision on Tenant's rule 59 motion, the court reiterated its earlier ruling that "[Landlord] provided [Tenant] proper eviction notices." Tenant appeals the eviction order.

---

1. Tenant claimed that she had not been served with a summons; however, the district court found that she had.

ISSUE AND STANDARD OF REVIEW

¶5    Tenant contends that the district court "abused its discretion by ordering the eviction of [Tenant] without proof that a proper notice to quit was served." We read this claim on appeal as a challenge to the legal sufficiency of the notice that, the parties agree, Landlord served on Tenant.

¶6    Tenant contends that the notice, whose content is undisputed, did not comply with statutory requirements. The claim on appeal thus involves the application of the law to a given set of facts. Our supreme court has stated, "On mixed questions—involving application of a legal standard to a set of facts unique to a particular case—our review is sometimes deferential and sometimes not." *Supernova Media, Inc. v. Pia Anderson Dorius Reynard & Moss, LLC*, 2013 UT 7, ¶ 13, 297 P.3d 599 (citation and internal quotation marks omitted). The degree of deference we afford depends on the following factors:

> (1) the degree of variety and complexity in the facts to which the legal rule is to be applied; (2) the degree to which a trial court's application of the legal rule relies on facts observed by the trial judge, such as a witness's appearance and demeanor, relevant to the application of the law that cannot be adequately reflected in the record available to appellate courts; and (3) other policy reasons that weigh for or against granting discretion to trial courts[.]

*Id.* (citation and internal quotation marks omitted). Where, as here, "the facts are not at issue" and the question is "the legal effect of a given set of facts"—a single document, in fact—the question before the reviewing court is "law-like" and thus reviewed under a non-deferential standard. *See Murray v. Utah Labor Comm'n*, 2013 UT 38, ¶¶ 39–40, 308 P.3d 461 (internal quotation marks omitted).

ANALYSIS

I. Appellate Jurisdiction

¶7    As a preliminary matter, Landlord contends that "[t]his court lacks subject matter jurisdiction of [Tenant's] appeal." Landlord argues that "[b]ecause [Tenant] did not file her motion to alter or amend until after she filed her notice of appeal, the motion is invalid, and the district court had no jurisdiction to consider it or rule on it." Landlord argues that Tenant's "second notice of appeal, filed on March 7, 2016, was filed more than thirty days after the district court issued its judgment on October 5, 2015, and that notice of appeal is untimely." Tenant responds that, "[w]hen a Rule 59 motion is filed, jurisdiction stays with the district court until the district court disposes of the motion." Tenant also argues that a "notice of appeal is not deemed to be filed until after the district court rules on a Rule 59 motion."

¶8    The "initial inquiry of any court should always be to determine whether the requested action is within its jurisdiction." *Allred v. Allred*, 835 P.2d 974, 977 (Utah Ct. App. 1992) (citation and internal quotation marks omitted). "We independently determine whether the appeal is proper when reviewing a jurisdictional issue." *Id.*

¶9    Rule 4(b) of the Utah Rules of Appellate Procedure provides in part that if a party timely files a rule 59 motion, "the time for all parties to appeal from the judgment runs from the entry of the dispositive order." *See* Utah R. App. P. 4(b)(1)(D). Thus, "[a] notice of appeal filed after announcement or entry of judgment, but before entry of an order disposing of [the rule 59 motion], shall be treated as filed after entry of the order and on the day thereof, except that such a notice of appeal is effective to appeal only from the underlying judgment." *See id.* R. 4(b)(2). In other words, "[a] timely motion filed pursuant to Rule 59 tolls the time for appeal pending resolution of the motion." *Allred*, 835 P.2d at 977 (citing Utah R. App. P. 4(b)).

¶10    Generally, the deadline for filing a notice of appeal is 30 days. Utah R. App. P. 4(a). However, in an unlawful detainer action, the deadline to file a notice of appeal is 10 days. Utah Code Ann. § 78B-6-813(1) (LexisNexis 2012).[2]

¶11    Here, Tenant filed her first notice of appeal on October 5, 2015, the same day that the district court ordered eviction. Tenant filed a timely rule 59 motion 10 days later. Her initial notice of appeal was later dismissed on procedural grounds. The district court issued its memorandum decision and order on the rule 59 motion on February 26, 2016. The time to appeal ran from the date the district court entered the order disposing of Tenant's rule 59 motion. *See* Utah R. App. P. 4(b)(1)(D). Rule 59 thus tolled the time to appeal the underlying judgment until the district court resolved her motion. *See id.* R. 4(b)(2); *Allred*, 835 P.2d at 977. Tenant filed a second notice of appeal on March 7, 2016, within the 10-day window.[3] Because Tenant filed her second notice of appeal within 10 days of the district court's order disposing of the rule 59 motion, her appeal is timely, and this court has jurisdiction. *See* Utah Code Ann. § 78B-6-813(1).

## II. Nature of the Action

¶12    Tenant's contentions on appeal rely on provisions of the unlawful detainer statute. *See* Utah Code Ann. §§ 78B-6-807, -810 (LexisNexis 2012). Landlord responds that Tenant "falsely claims

---

2. The parties dispute whether this action is an unlawful detainer action. In part II of this opinion, we conclude that it is.

3. Because the last day of the 10-day period to file an appeal fell on a Sunday, the period extended to Monday, March 7, 2016. *See* Utah R. App. P. 22(a) (providing that in computing time to file an appeal, "[t]he last day of the period shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period extends until the end of the next day that is not a Saturday, a Sunday, or a legal holiday").

that this case is an 'unlawful detainer' case." Landlord asserts that Tenant "was evicted for nuisance violations under [Utah Code section] 78B-6-1107 and [Utah Code section] 78B-6-1108, for possessing, using, and allowing others, at the apartment she was renting from [Landlord], to possess and use unlawful drugs." Thus, as a threshold matter, we must decide whether Landlord acted to evict Tenant under the unlawful detainer statute or under the nuisance statute.[4]

¶13   "Utah's unlawful detainer statute provides landowners with a summary remedy to recover possession of their property from their tenants who may be in violation of a lease provision." *Osguthorpe v. Wolf Mountain Resorts, LC*, 2010 UT 29, ¶ 22, 232 P.3d 999 (citation and internal quotation marks omitted). "The unlawful detainer statute is a summary proceeding" that "provides a severe remedy" and "must be strictly complied with before the cause of action may be maintained." *Sovereen v. Meadows*, 595 P.2d 852, 853 (Utah 1979). "To be guilty of unlawful detainer, a party must be a tenant in possession of real property and must have violated a term of the lease, committed waste, remained on the property beyond the legal term of the lease, or engaged in any such acts enumerated in Utah Code sections 78B-6-802(1)(a)–(h)[.]" *Osguthorpe*, 2010 UT 29, ¶ 21. In an unlawful detainer action, a landlord may serve a tenant with a three-day summons and request an expedited evidentiary hearing at which the court may immediately order eviction. *See* Utah Code Ann. §§ 78B-6-807, -810. In sum, the unlawful detainer statute constitutes "a mechanism for quickly and clearly resolving conflicts over lawful possession of property between landowners and tenants." *See Osguthorpe*, 2010 UT 29, ¶ 22.

---

4. We use "unlawful detainer statute" to refer generally to Part 8 of Chapter 6 of Title 78B of the Utah Code, "Forcible Entry and Detainer." We use "nuisance statute" to refer generally to Part 11 of Chapter 6 of Title 78B of the Utah Code, "Nuisance," including, in particular, sections 1107 through 1109 dealing with abatement by eviction.

¶14    The nuisance statute allows any citizen residing in the county where a nuisance is located to "maintain an action in a court of competent jurisdiction to abate the nuisance and obtain an order for the automatic eviction of the tenant." Utah Code Ann. § 78B-6-1108(1) (LexisNexis 2012). "A nuisance is anything which is injurious to health, indecent, offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property." *Id.* § 78B-6-1101(1). To obtain an order of abatement by eviction, the applicant must show and the district court must find four elements by a preponderance of evidence:

> (1) the applicant will suffer irreparable harm unless the order of abatement by eviction issues;
>
> (2) the threatened injury to the applicant outweighs whatever damage the proposed order of abatement by eviction may cause the party so ordered;
>
> (3) the order of abatement by eviction, if issued, would not be adverse to the public interest; and
>
> (4) there is a substantial likelihood that the applicant will prevail on the merits of the underlying claim, or the case presents serious issues on the merits which should be the subject of further litigation.

*Id.* § 78B-6-1109.

¶15    We agree with Tenant that Landlord brought an unlawful detainer action. The complaint mentions neither "unlawful detainer" nor "nuisance." It states three causes of action—eviction, breach of contract, and breach of the covenant of good faith and fair dealing. All three causes of action cite the unlawful detainer statute; the second and third also cite the nuisance

statute. The complaint alleges none of the four statutory grounds required for abatement by eviction. *See id.* Instead, the complaint alleges facts that could support an unlawful detainer: a nuisance on the premises, commission of a crime, and breach of the lease. *See id.* § 78B-6-802(f)–(h).

¶16 After filing the complaint, Landlord filed a "Motion for Order Immediately Evicting the Defendant" requesting "an order of immediate eviction of the defendant as provided in [section] 78B-6-811," the unlawful detainer statute. The accompanying memorandum asserted that, "pursuant to the provisions of [section] 78B-6-811"—again, the unlawful detainer statute—Landlord was "entitled to an order immediately evicting the defendant from the apartment." Neither Landlord's motion nor its memorandum cited the nuisance statute, mentioned abatement by eviction, or alleged any of the statutory grounds to support an abatement by eviction.

¶17 At the eviction hearing, Landlord cited neither the unlawful detainer statute nor the nuisance statute. Instead, it described the proceeding as "[b]asically, . . . a case of an eviction for . . . the use of drugs in the apartment in violation of the drug free contract." The district court entered an order for immediate eviction. The order did not identify the unlawful detainer statute, the nuisance statute, or any other legal basis for the eviction, nor did it refer to any of the statutory factors that must be shown to justify an order of abatement by eviction.

¶18 Tenant moved for a new trial or to amend the judgment under rule 59 of the Utah Rules of Civil Procedure. At the hearing on her motion, Tenant argued that the unlawful detainer statute could not support an eviction: "because you have no notice, there is no unlawful detainer, and you can't get the remedies provided under the unlawful detainer statute because you have to strictly comply with the unlawful detainer statute." Landlord responded that it did not need to strictly comply with the unlawful detainer statute because "[t]his is not an unlawful detainer case . . . . It's a case of abatement of a nuisance under

78B-6-1107." Tenant countered that the court could not order eviction under the nuisance statute because Landlord had made no attempt to show the four statutory requirements for an abatement by eviction. The court denied Tenant's motion in a memorandum decision stating that it had granted a nuisance abatement by eviction under section 78B-6-1108. The memorandum decision did not refer to the four factual showings required by the nuisance statute. *See* Utah Code Ann. § 78B-6-1109 (LexisNexis 2012).

¶19 Because Landlord relied predominantly on the unlawful detainer statute in its complaint, relied solely on the unlawful detainer statute in requesting an immediate eviction hearing, and made no attempt to prove any of the statutory prerequisites for abatement of a nuisance by eviction, we cannot agree with Landlord that Tenant "falsely claims" the proceeding is one for unlawful detainer. On the contrary, on balance we agree with Tenant on this point.[5]

¶20 The court's rulings do not clear up the muddle. Its order of eviction is silent on the matter, and its later memorandum decision bolsters more than undermines our conclusion. That memorandum pays lip service to the nuisance statute but ignores the statutory requirements for an abatement by eviction.

---

5. In 18 pages of argument, counsel for Landlord accuses Tenant of asserting falsehoods over 25 times. Yet, as we have concluded, Tenant's claims were accurate. Thus, each of those 25 accusations of making false claims was itself false. *See* Utah R. Jud. Admin. 14-301(3) ("Lawyers shall not, without an adequate factual basis, attribute to other counsel or the court improper motives, purpose, or conduct. Lawyers should avoid hostile, demeaning, or humiliating words in written and oral communications with adversaries. Neither written submissions nor oral presentations should disparage the integrity, intelligence, morals, ethics, or personal behavior of an adversary unless such matters are directly relevant under controlling substantive law.").

We thus proceed to Tenant's contention that Landlord failed to comply with the unlawful detainer statute.[6]

### III. Notice to Quit

¶21 Tenant contends that Landlord's "failure to prove a notice to quit was served is fatal to its claim of unlawful detainer." Tenant argues that the "notice that [Landlord] claims was taped to [Tenant's] door is facially invalid," because "[t]he notice of infraction did not state that [Tenant] must quit the premises, nor [did] it state [the] number of days within which she must leave." Landlord responds that Tenant's "assertion that she was not properly served with a notice to quit is not supported by the facts."[7]

¶22 The unlawful detainer statute provides specific requirements for the notice to quit that a landlord must serve on a tenant prior to eviction. *See* Utah Code Ann. § 78B-6-802 (LexisNexis 2012). Where the tenant "continues in possession . . . after a neglect or failure to perform any condition or covenant of the lease or agreement under which the property is held," the landlord must provide a "notice in writing" requiring "in the alternative the performance of the conditions or

6. We have concluded that this action is one for unlawful detainer in part because the district court did not require Landlord to prove, and Landlord made no attempt to prove, the four statutory requirements for an abatement by eviction. Thus, even if we agreed with Landlord that this action was one for abatement of a nuisance by eviction, these facts would compel the conclusion that the district court plainly erred in ordering an eviction in derogation of the clear text of the nuisance statute.

7. Although Landlord argues that Tenant has failed to marshal the evidence supporting the district court's factual findings on the notice to quit, we are adjudicating Tenant's challenge to the *legal* sufficiency of the notice to quit.

covenant or the surrender of the property," i.e., that the tenant quit the premises, within "three calendar days after service." *See id.* § 78B-6-802(h). This notice to quit must be "served upon the tenant and upon any subtenant in actual occupation of the premises." *Id.* These notice requirements apply where, as alleged here, the tenant "suffers, permits, or maintains on or about the premises any nuisance," "commits a criminal act on the premises," or "fail[s] to perform any condition or covenant of the lease." *See id.* § 78B-6-802(f)–(h).

¶23 In sum, "[t]he statutory procedure for an unlawful detainer claim mandates a three-day window for a tenant, served with notice, to either quit the premises or 'save the lease from forfeiture.'" *Osguthorpe v. Wolf Mountain Resorts, LC*, 2010 UT 29, ¶ 22, 232 P.3d 999 (quoting Utah Code Ann. § 78B-6-802(2) (LexisNexis 2008)). The requirements for service of the notice to quit "must be strictly complied with in order to enforce the obligations imposed by [the statute]." *Id.* (alteration in original) (citation and internal quotation marks omitted). "Until the tenancy is terminated by proper notice to quit there is no unlawful detainer. The notice to quit is necessary to give rise to the cause of action." *Sovereen v. Meadows*, 595 P.2d 852, 854 (Utah 1979) (citation and internal quotation marks omitted). Therefore, "[w]hen it appears that the tenancy has not been terminated by proper notice, the court should dismiss the suit on the grounds that there is no cause of action." *Id.* (citation and internal quotation marks omitted).

¶24 Here, the only "notice to quit" before the district court was the "Notice of Infraction" posted on Tenant's door on August 4. This "Notice of Infraction" did not comply with the requirements for a notice to quit under the unlawful detainer statute. *See* Utah Code Ann. § 78B-6-802(h) (LexisNexis 2012). It contained no alternative demand that Tenant perform the conditions and covenants of the lease or surrender the property. *See id.* And it did not demand that Tenant comply within three days of service of the notice. *See id.* On the contrary, it stated that "*three* notices of infraction shall be just cause for cancellation of

the residential lease and eviction of the resident." (Emphasis added.) Far from informing Tenant that she was required to quit the premises, this notice informed her that she was not required to quit the premises—at least not yet.

¶25 Therefore, "because the statute was not strictly complied with, [Tenant] was not in unlawful detainer and [Landlord] was not entitled to maintain the unlawful detainer action against her." *See Sovereen*, 595 P.2d at 854. Where, as here, "the tenancy [was] not terminated by proper notice, the court should [have] dismiss[ed] the suit on the grounds that there [was] no cause of action." *See id.* (citation and internal quotation marks omitted).

¶26 We therefore conclude that the district court erred in ruling that a proper notice to quit was served and in ordering eviction based on unlawful detainer. Accordingly, we reverse the eviction order.[8]

CONCLUSION

¶27 For the foregoing reasons, the eviction order of the district court is reversed.

_____

_____

8. Tenant also contends that the "notice was not given in compliance with federal regulations" and that the summons did not comply with legal requirements. "Because we have resolved the unlawful detainer issue on other grounds, we need not reach [those] argument[s]." *Cf. Koerber v. Mismash*, 2015 UT App 237, ¶ 30 n.6, 359 P.3d 701 (declining to reach the notice-to-quit issue after resolving the unlawful detainer claim on the summons issue).